REVISED January 7, 2010

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50830

EL PASO INDEPENDENT SCHOOL DISTRICT

       Plaintiff - Appellant

v.

RICHARD R, as next friend of RR; MARK BERRY

       Defendants - Appellees

--------------------------------------------

RR, by his next friend ER

       Plaintiff-Appellee

v.

EL PASO INDEPENDENT SCHOOL DISTRICT

       Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, DAVIS, and BENAVIDES, Circuit Judges.

KING, Circuit Judge:

The El Paso Independent School District appeals the district court's award of attorney's fees to R.R. under the Individuals with Disabilities Education Act. The district court determined that R.R. was the prevailing party in his suit against the school district because he had won a judicial order granting him his requested relief; the court awarded attorney's fees to R.R. in the amount of $45,804. We assume, without deciding, that R.R. was the prevailing party in this litigation. But because R.R. rejected a written settlement offer that included all the educational relief that he requested and reasonable attorney's fees, we also conclude that R.R. unreasonably protracted the resolution of this dispute and VACATE the award of attorney's fees to R.R. We AFFIRM the dismissal of EPISD's claim for attorney's fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

R.R.[1] claims to suffer from Attention Deficit/Hyperactivity Disorder. Over the past twelve years, R.R. has sought special education and accommodative services from the El Paso Independent School District (EPISD) under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. R.R. has been evaluated several times for special education services, admitted to special education programs, and assisted in his education through the provision of accommodative services.

In 2005, R.R. was struggling in school, despite receiving accommodative services that included test preparation and study skills assistance. Later that year, after failing the Texas standardized skills assessment test for the third consecutive year, R.R. requested an evaluation for special education services. In response to this request, the school district set up a committee to evaluate R.R.'s academic placement. The committee determined that because R.R. was

---

[1] R.R. has acted through his parents in this litigation. As a procedural matter, EPISD brought suit against R.R.'s father and R.R.'s attorney. For simplicity, we refer to R.R., his attorney, and his parents as "R.R.," unless otherwise noted or made apparent from context.

very close to passing the Texas standardized skills test, there was no need to either evaluate him for special education or change his current academic placement and accommodative services.

In 2006, after R.R. again failed the Texas standardized test, R.R. requested a full evaluation to determine his eligibility for special education services. In response, EPISD scheduled a meeting for September 25, 2006, to address R.R.'s request. On September 25, R.R. cancelled the scheduled meeting and, on September 26, filed a request for a state due process hearing. In that filing, R.R. sought an order from the Texas Education Agency Hearing Officer directing EPISD to (1) perform a "full independent evaluation" of R.R.; (2) provide written notice to R.R.'s parents whenever the district proposed to change R.R.'s status, accommodations, or evaluation report; (3) provide notice of procedural safeguards to R.R.'s parents; (4) conduct an Admissions, Review, and Dismissal Committee (ARDC) meeting; and (5) pay reasonable attorney's fees.

At the required pre-hearing resolution meeting,[2] held on October 11, 2006, EPISD contended that there was no dispute between the parties because it was willing to provide all requested relief. Specifically, EPISD offered to (1) conduct a full evaluation of R.R. within sixty days of the parents' consent to evaluate; (2) convene an ARDC meeting within thirty days from the completion of the evaluation; (3) continue to comply with the applicable federal and state laws regarding the provision of prior written notice and procedural safeguards to parents; and (4) pay attorney's fees. At the meeting, EPISD asked for a quantification of R.R.'s attorney's fees. R.R. did not quantify his attorney's fees demand and instead asked for an "agreed order." EPISD demurred, contending that an "agreed order" was not appropriate because there were factual and legal

---

[2] This meeting is held during the "resolution session," 20 U.S.C. § 1415(f)(1)(B), and is described under the heading "preliminary meeting," id. § 1415(f)(1)(B)(i). For clarity, we refer to this meeting as the "resolution meeting."

disputes between the parties.  R.R. then left the meeting.

Later that day, EPISD formalized the offer made at the resolution meeting in a written settlement offer faxed to R.R.  The faxed letter included everything offered at the resolution meeting and initially suggested an attorney's fee award of $3,000.  However, EPISD stated that it "remain[ed] ready to negotiate a private settlement, and in so doing, . . . [requested] the amount of attorney's fees that w[ould] be necessary to finalize the settlement."  Rather than continue negotiating, R.R. refused EPISD's settlement offer, did not make a counter-offer, and proceeded to a due process hearing.

At the due process hearing in November 2006, EPISD reasserted that there was no dispute between the parties because it was willing to grant all requested relief to R.R.  As such, EPISD argued that R.R.'s complaint should be dismissed.  Notwithstanding this argument, the state hearing officer conducted a two-day hearing on the issues presented in R.R.'s due process complaint.  After the hearing, the hearing officer made factual findings and entered judgment in favor of R.R., ordering EPISD to conduct a full evaluation of R.R.

In April 2007, EPISD and R.R. each filed suit in district court under the IDEA.  In its suit, EPISD argued that the hearing officer's refusal to dismiss R.R.'s complaint was error because the complaint was non-justiciable.  As a result, EPISD urged, R.R.'s subsequent litigation was frivolous, and the court should award EPISD attorney's fees.  R.R. also sought an award of attorney's fees, asserting in his complaint that, based on the state hearing officer's ruling, he was the prevailing party.  The two suits were subsequently consolidated.

R.R. moved for summary judgment on the prevailing party issue in July 2007.  The district court held that R.R. was justified in rejecting EPISD's settlement offer and continuing his litigation to obtain an "enforceable order."  As part of this holding, the district court determined that there was a justiciable dispute before the Texas hearing officer because EPISD had not offered an

enforceable settlement. Specifically, the district court concluded that EPISD's settlement offer would not have been enforceable in either state or federal court, and as such, R.R. had an interest in continuing litigation to obtain a judicial order that could be enforced against EPISD. The district court then held that R.R. had prevailed in the litigation by obtaining a judicial order entitling him to all of his requested relief. Because the district court determined that R.R.'s litigation was not frivolous, the court also dismissed EPISD's attorney's fee claim.

Following this prevailing party determination, R.R. moved for attorney's fees. In response, EPISD again argued that because R.R. had achieved nothing more than was originally offered, the district court should not award attorney's fees to R.R. The district court disregarded EPISD's contentions, stating that it had considered those arguments in making its prevailing party determination. Instead, the district court granted R.R.'s motion for attorney's fees in August 2008 and awarded $45,804 in fees to R.R.—an award that reflected the full amount of work R.R.'s attorney had done. EPISD now appeals the district court's prevailing party and attorney's fee decisions.

## II. DISCUSSION

The IDEA requires that a party be a "prevailing party" in order to be entitled to attorney's fees. See 20 U.S.C. § 1415(i)(3)(B)(i) ("[T]he court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party . . . ."). Thus, in an action for attorney's fees under the IDEA, the threshold question is whether the party seeking attorney's fees is the prevailing party. See Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist., 158 F.3d 205, 209 (5th Cir. 1998) (per curiam). However, "[a] finding that a party is a prevailing party only makes him eligible to receive attorneys' fees under the IDEA; it does not automatically entitle him to recover the full amount that he spent on legal representation." Id.

## A. Prevailing Party Status

Under the IDEA, "a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA." Jason D.W., 158 F.3d at 209. This test follows from Texas State Teachers Association v. Garland Independent School District, where the Court held that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." 489 U.S. 782, 792–93 (1989); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("[P]laintiffs may be considered 'prevailing parties' . . . if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.").

More recently, in Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, the Supreme Court clarified that a prevailing party is one that has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief. 532 U.S. 598, 603–04 (2001). We now join our sister circuits in applying Buckhannon in the IDEA context[3] and hold that a litigant must attain some judicial imprimatur on a

---

[3] See, e.g., T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 478–79 (7th Cir. 2003) ("[T]o be a prevailing party [post-Buckhannon,] a litigant must have obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief . . . on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." (internal quotation marks omitted)); see also J.D. ex rel. Davis v. Kanawha County Bd. of Educ., 571 F.3d 381, 386–87 (4th Cir. 2009) ("As the Supreme Court noted in Buckhannon, an award of attorneys' fees requires a material alteration of the legal relationship of the parties. . . ,[but] a party need not prevail on every issue . . . . [O]btaining judicially sanctioned and enforceable final relief on some claims is sufficient." (internal quotation marks omitted)); Doe v. Boston Pub. Sch., 358 F.3d 20, 29–30 (1st Cir. 2004) ("Consistent with each of the circuit courts that have considered the application of Buckhannon to the IDEA, we hold that IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of judicial imprimatur, be considered 'prevailing parties.'"); John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 556 (3rd Cir. 2003) ("The [Buckhannon] Court acknowledged that a party benefitting from a settlement agreement, for example, could be a prevailing party, provided the change in the legal relationship of the parties was in some way judicially

material alteration of the legal relationship in order to be a prevailing party.[4] We have already joined our sister circuits in holding that, after Buckhannon, whether a party is a prevailing party "is a legal question subject to de novo review." Bailey v. Mississippi, 407 F.3d 684, 687 (5th Cir. 2005) (collecting cases).

EPISD argues that R.R. is not the prevailing party. EPISD contends that because it offered R.R. all requested relief before litigation, R.R.'s attainment of relief did not alter the legal relationship between the parties and did not foster the purposes of the IDEA.[5] In response, R.R. points to the fact that both the

---

sanctioned." (internal quotation marks omitted)).

[4] An administrative hearing officer's order provides the requisite "judicial imprimatur" for a party to be considered a "prevailing party" for attorney's fee purposes, despite the fact that the administrative hearing officer does not have the authority to award attorney's fees. The IDEA provides that a court may award attorney's fees to any party that prevails in an "action or proceeding," 20 U.S.C. § 1415(i)(3)(B)(i), and the statute implies that administrative hearings are "proceedings." See, e.g., id. § 1415(d)(2)(F) ("due process proceedings"); id. § 1415(i)(2)(C)(i) ("administrative proceedings"); id. § 1415(i)(3)(D)(i)(I) ("administrative proceeding"). Our sister circuits have also recognized that attorney's fees can be awarded to a party who prevails at an administrative hearing. See, e.g., A.R. ex rel. R.V. v. N.Y. City Dep't of Educ., 407 F.3d 65, 76 (2d Cir. 2005) ("In order to give effect to the IDEA's intent to permit awards to winning parties in administrative proceedings even where there has been no judicial involvement, as the parties agree that we must, we conclude that the combination of administrative imprimatur, the change in the legal relationship of the parties arising from it, and subsequent judicial enforceability, render such a winning party a 'prevailing party' under Buckhannon's principles."); T.D. v. LaGrange, 349 F.3d at 479 ("[W]e held in Brown v. Griggsville Comm. Unit Sch. Dist. No. 4, that the IDEA does allow fees to the prevailing party in administrative hearings. 12 F.3d 681, 683–84 (7th Cir. 1993). While we recognize that this opinion was issued before Buckhannon, we do not perceive that Buckhannon requires a different conclusion."). These authorities are consonant with our pre-Buckhannon precedent holding that success at an administrative proceeding entitles a party to attorney's fees. See Duane M. v. Orleans Parish Sch. Bd., 861 F.2d 115, 120 (5th Cir. 1988) ("The legislative history of section 1415[] reflects Congress' unequivocal intent to award attorneys' fees to parents for legal representation at due process hearings which the [IDEA] requires. To hold that prevailing parties in these hearings cannot bring a separate suit for attorneys' fees would defeat that intent . . . .").

[5] EPISD spends over half of its brief on appeal arguing that R.R. did not present a justiciable case or controversy to either the state due process hearing officer or the district court. We respond simply by noting that EPISD itself admitted in its settlement offer to R.R. that "[t]here are genuine issues of fact and law in dispute in this matter; thus, an agreed order

hearing officer and the district court determined that R.R. was entitled to a full evaluation, thereby altering (as the district court held) the legal relationship between R.R. and EPISD and fostering the purposes of the IDEA by enabling the provision of an appropriate public education.

As discussed above, the IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The IDEA features a plethora of provisions dealing with attorney's fees, several of which contemplate reducing the attorney's fee award of a party that ultimately prevails in an administrative or judicial proceeding. For example, a prevailing party that ultimately achieves no more than what was earlier offered in settlement may not recover attorney's fees incurred subsequent to the settlement offer. Id. § 1415(i)(3)(D)(i).[6] Similarly, a court may reduce the attorney's fees awarded to a prevailing party found to have unreasonably protracted the litigation. Id. § 1415(i)(3)(F)(i).[7] Particularly at issue here is § 1415(i)(3)(D)(i),

is not in order." (Offer of Settlement from EPISD to R.R., Oct. 11, 2006.)

[6] Section 1415(i)(3)(D)(i) provides:
Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
> (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
> (II) the offer is not accepted within 10 days; and
> (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

Id. § 1415(i)(3)(D)(i).

[7] Section 1415(i)(3)(F) contemplates that an attorney's fee award will be reduced under several enumerated circumstances:
Except as provided in subparagraph (G), whenever the court finds that—
> (i) the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy;

which provides that "[a]ttorneys' fees may not be awarded . . . in any action . . . for services performed subsequent to the time of a written offer of settlement . . . [if] the court . . . finds that the relief finally obtained . . . is not more favorable . . . than the offer of settlement." Id. § 1415(i)(3)(D)(i) (emphasis added). In imposing this bar against recovering attorney's fees incurred subsequent to the offer of settlement, that provision tacitly assumes that a party may reject such an offer and nevertheless attain prevailing party status: the statute permits an award of attorney's fees for work performed prior to the written offer of settlement, and prevailing party status is a predicate for any such award. See id. § 1415(i)(3)(B)(i).

Several of our sister circuits have addressed provisions of the IDEA that contemplate reducing attorney's fee awards for those parties who reject settlement offers and later obtain no more than what was offered. In so doing, these circuits have recognized that such a party still "prevails" by obtaining judicially sanctioned relief, notwithstanding the reduced attorney's fee award. In T.D. v. LaGrange, the Seventh Circuit addressed T.D.'s argument that the IDEA, by virtue of its complex array of provisions dealing with attorney's fees, fell beyond the scope of Buckhannon and that private IDEA settlements could therefore convey prevailing party status. 349 F.3d at 476. In rejecting that argument, the Seventh Circuit discussed generally the provisions of the IDEA

> (ii) the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;
> (iii) the time spent and legal services furnished were excessive considering the nature of the action or proceeding; or
> (iv) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint described in subsection (b)(7)(A),
> the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section.

Id. § 1415(i)(3)(F).

that deal with settlement offers and reduction of fees. In this discussion, the Seventh Circuit noted that "if a plaintiff rejects a settlement offer and eventually receives a judicially sanctioned victory that is less beneficial than the settlement offer was, the plaintiff, though being a 'prevailing party,' may not get the fees incurred after the settlement offer." Id. at 476 (citing 20 U.S.C. § 1415(i)(3)(D)(i)). Similarly, the D.C. Circuit and the Third Circuit, in addressing whether Buckhannon applies to the IDEA, recognized that the IDEA contemplates reducing fees when a litigant rejects a settlement offer and does not achieve more favorable relief that what was offered, but that the litigant remains the prevailing party. See, e.g., Alegria ex rel. Alegria v. District of Columbia, 391 F.3d 262, 267 (D.C. Cir. 2004) ("A parent who refuses a written offer to settle a complaint, and later prevails at an administrative hearing or in court but obtains a result that is not more favorable than the written settlement offer, would still be eligible for an award of attorneys' fees for work performed prior to the settlement offer . . . ."); John T., 318 F.3d at 557 ("[Section 1415(i)(3)(D)–(G)] define situations in which attorney's fees [awarded to a prevailing party] may be prohibited or reduced, e.g., when a parent has unjustifiably rejected a settlement offer or when a parent has unreasonably protracted the final resolution.").[8]

However, we have held that parties that extend litigation may be denied prevailing party status. In Michael T. ex rel. Oralee T. v. El Paso Independent School District, 37 F. App'x 714, 2002 WL 1221847, at *1 (5th Cir. 2002) (per

---

[8] See also Dell v. Bd. of Educ., 918 F. Supp. 212, 217 (N.D. Ill. 1995) ("[T]his court concludes that the relief finally obtained by Plaintiffs was not, in fact, more favorable than Defendant's offer, in spite of the fact that both hearing officers' decisions are replete with findings that Defendant violated Plaintiffs' son's rights. . . . Thus, although Plaintiffs are 'prevailing parties' for purposes of a fee award . . . the relief they won consists only of reimbursement of $2,000.00 for the reasonable and customary expense of an independent evaluation of their son's needs. Because that sum is not more favorable than the $3,000.00 payment offered by Defendant School District before the administrative hearing, [Plaintiffs] are barred from recovery of fees for services rendered at that hearing or in these proceedings.").

curiam), an unpublished opinion which is not precedential, see 5TH CIR. R. 47.5, but is nevertheless persuasive, we held that a district court did not clearly err (the test in this circuit pre-Buckhannon) in determining that Michael was not the prevailing party because Michael unreasonably withheld consent for an evaluation. Id. The facts in Michael T. were substantially similar to the present matter—EPISD and the attorney for R.R., Mark Berry, were both involved, and the end result was that Michael also achieved an order entitling him to a full evaluation at the due process hearing—but there the district court found that Michael was not the prevailing party because the results Michael achieved through litigation "could have been obtained at any time from the [school] district but for his mother's refusal to give consent to the initial assessment." Id. We affirmed, stating that "we cannot say that the district court clearly erred in determining that the purposes of the IDEA are not fostered by encouraging parents of potentially disabled children to withhold consent to an initial assessment in order to obtain prevailing party status." Id.

We need not resolve the issue today whether a party who rejects a settlement offer and obtains from an administrative hearing officer or the district court no more educational benefit than the settlement offered is technically a "prevailing party." Instead, we assume, without deciding, that R.R. is a prevailing party simply because he achieved a judicial order of relief, and we consider only whether R.R.'s rejection of EPISD's settlement offer should affect the amount of R.R.'s attorney's fees award. In so doing, we leave for another day the question whether denying prevailing party status in these circumstances might also be appropriate under the IDEA.

## B. Attorney's fees

In considering the parties' attorney's fees arguments, we examine (1) the award of fees to R.R. for work performed after EPISD's written settlement offer; (2) the award of fees to R.R. for work performed prior to EPISD's written

settlement offer; and (3) EPISD's claim for attorney's fees.

1. R.R.'s Attorney's Fees Post-Settlement Offer

The first question is whether the district court abused its discretion[9] in awarding attorney's fees to R.R. for work performed after EPISD's written settlement offer—formalizing the offer made at the resolution meeting—which was made the day of the resolution meeting and more than ten days before the administrative proceeding. That question is answered by several provisions of the IDEA.

The IDEA envisions that the parties to a dispute should resolve their differences cooperatively. Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 53 (2005) ("The core of the [IDEA] is the cooperative process that it establishes between parents and schools."). To effectuate this goal, the statute requires that "[p]rior to the opportunity for an impartial due process hearing . . . the local education agency shall convene a meeting with the parents and the relevant . . . members of the [educational program t]eam . . . ." 20 U.S.C. § 1415(f)(1)(B)(i). The statute further contemplates resolution without resort to litigation by endorsing settlement agreements: "In the case that a resolution is reached to resolve the complaint at [the resolution] meeting described in [20 U.S.C. § 1415(f)(1)(B)](i), the parties shall execute a legally binding agreement that is . . . enforceable in any State court of competent jurisdiction or in a district court of the United States." Id. § 1415(f)(1)(B)(iii)(II).

Early resolution through settlement is favored under the IDEA. The statute bars an award of attorney's fees for work performed subsequent to a written settlement offer that does not achieve anything more than that which was offered. See supra Section II(A) (discussing 20 U.S.C. § 1415(i)(3)(D)(i)). Notwithstanding that bar, a court may award attorney's fees to a "parent who

---

[9] We review an award of attorney's fees for abuse of discretion, and we review the factual findings upon which the award is based for clear error. Jason D.W., 158 F.3d at 208.

is the prevailing party and who was substantially justified in rejecting the settlement offer." Id. § 1415(i)(3)(E).

### i. Settlement Enforceability

Because it is undisputed that R.R. did not achieve any educational benefits beyond what EPISD offered, the question is whether R.R. was substantially justified in rejecting EPISD's settlement offer. The district court held that EPISD's settlement offer would not have been enforceable if it had been reduced to an agreement. Specifically, the district court determined that a private settlement would have lacked the judicial imprimatur required to be enforceable in federal court. Further, the district court determined that Texas had not waived its immunity from suit in state court for the type of settlement offered by EPISD, and accordingly, EPISD's settlement offer would not have been enforceable in state court. The district court, after determining that R.R. would not have been able to enforce the settlement in either federal or state court, concluded that R.R. had an interest in continuing litigation to obtain an "enforceable" order of relief, and declined to reduce R.R.'s attorney's fee award. With respect, we disagree.

The IDEA states that "district courts of the United States shall have jurisdiction of actions brought under this section [20 U.S.C. § 1415] without regard to the amount in controversy." Id. § 1415(i)(3)(A); see also 34 C.F.R. § 300.516(d). The statute further contemplates that, if the parties are able to resolve their dispute at the resolution meeting, they should "execute a legally binding agreement that is . . . enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii)(II); see also 34 C.F.R. § 300.510(d). Pretermitting any discussion of whether R.R. could have enforced a settlement agreement against EPISD in state court, we determine that a settlement agreement reached at the resolution meeting would have been enforceable in federal court.

Courts have recognized that federal courts can enforce IDEA settlement agreements reached at a resolution meeting. In H.C. ex rel. L.C. v. Colton-Pierrepont Central School District, the Second Circuit considered whether an agreement between the parties reached outside a resolution meeting or mediation was enforceable in federal court. No. 08-4221-CV, 2009 WL 2144016, at * 2 (2d Cir. July 20, 2009) (summary order). There, H.C. filed a due process complaint seeking greater educational services in November 2005. H.C. ex rel. L.C. v. Colton-Pierrepont Cent. Sch. Dist., 567 F. Supp. 2d 340, 342 (N.D.N.Y. 2008). The parties then met at the required resolution meeting later that November, but they were unable to reach an agreement. Id. However, in May 2006, before any administrative hearing had occurred, the parties entered into a written settlement agreement that resolved their dispute. Id.

In June 2006, the school district created a new educational plan for H.C. that reduced the level of services provided to H.C., and, in response, H.C. again made a due process request, seeking more services and enforcement of the May 16 settlement agreement. Id. At the due process hearing, the hearing officer, despite considering the substance of H.C.'s educational claims, declined to exercise jurisdiction over the May 2006 settlement agreement, and the state review officer concurred on appeal. Id. As a party aggrieved by the decisions of the hearing officer and the state review officer, H.C. filed suit in federal district court. The district court concluded, among other things, that the hearing officer erred in determining that he had no authority to enforce the settlement agreement, and the court accordingly remanded to the hearing officer for a new hearing. Id. at 344. The school district then appealed the district court's order to the Second Circuit.

On appeal, the Second Circuit vacated the district court's remand order. H.C., 2009 WL 2144016, at * 3. In its opinion, the Second Circuit considered "[w]hether the district court had federal question jurisdiction to enforce the [May

2006] settlement agreement." Id. at *2. The court stated that "[while c]ontract enforcement is generally a question of state law[,] . . . Congress has expressly provided for enforcement of IDEA settlement agreements in federal district courts when the agreement at issue was entered into . . . at a 'resolution session' required by § 1415(f)(1)(B)." Id. (emphasis added). However, because the May 2006 settlement agreement was not entered into either at the resolution meeting or through mediation, the Second Circuit remanded the case to the district court to determine whether "there [wa]s a jurisdictional basis for considering plaintiff's contract claim." Id.

District courts across the country have also recognized that IDEA settlement agreements reached at a resolution meeting are enforceable in federal court. See, e.g., J.M.C. v. La. Bd. of Elementary & Secondary Educ., 584 F. Supp. 2d 894, 898 (M.D. La. 2008) (stating that an agreement reached at a resolution meeting would have been enforceable in federal court); L.K. ex rel. L.K. v. Burlingame Sch. Dist., No. C 08-02743, 2008 WL 2563155, at *4 n.8 (N.D. Cal. June 23, 2008) ("The Court also notes that . . . the [IDEA] permits settlement agreements reached . . . through a resolution session under 1415(f) to be enforceable in federal courts . . . ."); Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ., No. 5:06-CV-139, 2007 WL 2219352, at *7 (W.D. Mich. July 27, 2007) ("[W]ritten settlement agreements reached during the mediation process or in a resolution session which comply with the [IDEA] requirements are now enforceable in state and federal courts."); Bowman v. District of Columbia, No. 05-01933, 2006 WL 2221703, at *2 (D.D.C. Aug. 2, 2006) (recognizing that a district court has jurisdiction to enforce a settlement agreement reached either at the resolution meeting or during mediation).[10]

---

[10] Several commentators also recognize that IDEA settlement agreements reached at a resolution meeting are enforceable in federal court. See, e.g., Andrea F. Blau, Available Dispute Resolution Processes within the Reauthorized Individuals with Disabilities Education

Here, EPISD offered R.R. all of his requested educational relief at the resolution meeting. We conclude that if R.R. had accepted EPISD's offer, he could have enforced the resulting settlement agreement in federal court.[11] As such, there was no need for R.R. to reject EPISD's settlement offer and continue litigation solely to obtain an "enforceable" order of relief.

## ii. Substantially Justified Settlement Rejection

Given that R.R. did not need to continue litigation to obtain an enforceable agreement covering all requested relief, we conclude that R.R. was not "substantially justified" in rejecting EPISD's settlement offer. See 20 U.S.C. § 1415(i)(3)(E). Further, R.R.'s own filings indicate that he recognized that a settlement agreement made at the resolution meeting was enforceable.[12]

Because R.R. was not substantially justified in rejecting EPISD's settlement offer, § 1415(i)(3)(D) applies and prohibits an attorney's fee award for work performed subsequent to the time of EPISD's written settlement offer. See Shelly C. ex rel. Shelbie C. v. Venus Indep. Sch. Dist., 878 F.2d 862, 864 (5th Cir.

---

Improvement Act (IDEIA) of 2004: Where Do Mediation Principles Fit In?, 7 PEPP. DISP. RESOL. L.J. 65, 72 (2007) ("Decisions reached between the parties [at a resolution meeting] are binding and enforceable."); Allan G. Osborne & Charles J. Russo, Resolution Sessions Under the IDEA: Are They Mandatory?, 218 WEST EDUC. L. REP. 7, 9 (2007) ("A settlement agreement [reached at a resolution meeting] is enforceable by a state or federal court . . . ."); Mark C. Weber, Reflections on the New Individuals with Disabilities Education Improvement Act, 58 FLA. L. REV. 7, 31 (2006) ("If the parent and school district reach an agreement in the resolution session, the parties execute a legally binding document, which may be enforced directly in court . . . .").

[11] If R.R. had accepted EPISD's written settlement offer, made the day of the resolution meeting, then the parties would have entered into the "legally binding agreement" contemplated by 20 U.S.C. § 1415(f)(1)(B)(iii). Accordingly, we do not have occasion to decide today whether a district court would have jurisdiction to enforce a settlement agreement entered into outside a resolution meeting.

[12] (See, e.g., R.R.'s Mem. in Supp. of Mot. to Dismiss ¶ 18, May 22, 2007 ("[S]ettlements with a school district (except those that result from a resolution meeting . . .) are not enforceable . . . ." (emphasis added)); R.R.'s Reply to EPISD's Opp'n to Mot. for Summ. J. 2, Dec. 14, 2007 ("Likewise, any written settlement agreement that is 'reached to resolve the complaint at a [resolution meeting]' . . . is enforceable in a state or federal court.").)

1989) (recognizing that the IDEA bars an award of attorney's fees for work performed subsequent to a settlement offer of all requested relief); Duane M., 861 F.2d at 119 (same). Accordingly, the district court abused its discretion by awarding attorney's fees to R.R. for work performed subsequent to EPISD's written settlement offer.

### 2. R.R.'s Attorney's Fees for Pre-Settlement Offer Work

The next question is whether the district court abused its discretion in awarding R.R. attorney's fees for work performed during and prior to the resolution meeting. We determine that the district court abused its discretion because R.R. was not entitled to an award of attorney's fees for such work.

#### i. Fees for Participating in the Resolution Meeting

The IDEA allows an attorney's fee award for work performed in any "action or proceeding." 20 U.S.C. § 1415(i)(3)(B)(i). However, the IDEA specifically excludes resolution meetings from the scope of that definition. Id. § 1415(i)(3)(D)(iii) ("A [resolution meeting] shall not be considered . . . a meeting convened as a result of an administrative hearing or judicial action; or . . . an administrative hearing or judicial action."); see also 34 C.F.R. § 300.517(c)(2)(iii). Accordingly, R.R. cannot be awarded attorney's fees for work performed at the resolution meeting, and the district court below abused its discretion in awarding fees for work performed at that meeting. See, e.g., D.D. ex rel. Davis v. District of Columbia, 470 F. Supp. 2d 1, 2 (D.D.C. 2007) ("It is undisputed that attorneys' fees for time actually spent at a resolution session . . . generally are not compensable under the [IDEA]."); J.Y. ex rel. Thomas v. Seattle Sch. Dist. No. 1, No. C07-1226, 2007 WL 4111202, at * 7 (W.D. Wash. Nov. 16, 2007) ("Plaintiff[s] may not be awarded fees associated with participating in resolution sessions.").

#### ii. Fees for Work Performed Prior to the Resolution Meeting

Finally, we review whether R.R. is entitled to attorney's fees for work his

17

attorney performed prior to the resolution meeting. The IDEA states that a court shall reduce fees "whenever the court finds that . . . the parent, or the parent's attorney . . . unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F)(i).[13] As such, we must determine whether R.R.'s rejection of EPISD's settlement offer unreasonably protracted the final resolution of the controversy such that a further reduction in the fee award is warranted.[14]

As discussed above, when a party rejects an offer of settlement and later achieves at an administrative or judicial proceeding no more than what was previously offered, a court may, but is not required to, award reasonable attorney's fees for work performed prior to the written offer of settlement under § 1415(i)(3)(D)(i). On the other hand, if a party accepts an offer of settlement, that party may not be the prevailing party and thus not be entitled to an award of attorney's fees.[15]

We need not speculate about these alternate situations. Here, EPISD wisely included the payment of reasonable attorney's fees to R.R as part of its settlement offer. Consequently, R.R. was offered all requested educational relief

---

[13] As a threshold matter, the IDEA states that § 1415(i)(3)(F) shall not apply "if the court finds that the . . . local educational agency unreasonably protracted the final resolution of the action or proceeding . . . ." Id. § 1415(i)(3)(G). Nothing in the record indicates that EPISD unreasonably protracted resolution of this dispute.

[14] In considering this question, we note that extended litigation under the IDEA is disfavored because it imposes heavy costs on the litigants and delays implementation of an appropriate educational plan for children with disabilities. See Schaffer, 546 U.S. at 58–59 (discussing the costs of litigating IDEA disputes and Congress's intent to reduce IDEA litigation).

[15] See, e.g., Doe v. Boston, 358 F.3d at 29–30 (" Consistent with each of the circuit courts that have considered the application of Buckhannon to the IDEA, we hold that IDEA plaintiffs who achieve their desired result via private settlement may not, in the absence of judicial imprimatur, be considered 'prevailing parties.'"); T.D. v. LaGrange, 349 F.3d at 476–78 (recognizing that a private settlement without judicial imprimatur is insufficient to convey prevailing party status); John T., 318 F.3d at 557 (same).

and reasonable attorney's fees, leaving absolutely no need to continue litigating. Instead, R.R. and his attorney rejected EPISD's settlement, walked out of the resolution meeting, continued litigation, and unreasonably protracted the resolution of this dispute for over three years. See Jason D.W., 158 F.3d at 211 ("[F]ailing to settle can constitute protraction under [the IDEA]."); Shelly C., 878 F.2d at 863 (reversing summary judgment in part because the district court did not consider whether the parent's attorney unreasonably protracted resolution of the dispute when the parties ultimately settled). Accordingly, we conclude that the district court here abused its discretion in awarding attorney's fees to R.R. for work performed prior to EPISD's written settlement offer of all requested relief and reasonable attorney's fees. "[T]he IDEA only guarantees the right to a free education; it does not explicitly guarantee the right to attorney's fees incurred in pursuit of that education." T.D. v. LaGrange, 349 F.3d at 477.

### 3. EPISD's Claim For Attorney's Fees

EPISD also requests that we reverse the district court's dismissal of its suit for attorney's fees. The IDEA provides that a court "may award reasonable attorneys' fees . . . to a prevailing party who is a . . . local educational agency against the attorney of a parent who files a complaint . . . that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II) (emphasis added). A court may also "award reasonable attorneys' fees . . . to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose . . . ." Id. § 1415(i)(3)(B)(i)(III) (emphasis added); see also Weber, supra note 10, at 29 (discussing these provisions). As such, prevailing party status is a predicate for an award of

19

attorney's fees to EPISD.[16]

Here, there is no indication that EPISD did prevail or would have prevailed on R.R.'s underlying request for educational relief. Indeed, EPISD's whole argument rests on the fact that it offered to provide R.R. all of his requested educational relief. Thus, even though EPISD has "prevailed" by successfully arguing for a reduction in R.R.'s fee award, EPISD has not prevailed in arguing that R.R. is not entitled to his requested educational relief. Thus, we cannot say that EPISD was the "prevailing party" such that it is entitled to attorney's fees under the IDEA. Accordingly, we affirm the district court's dismissal of EPISD's claim for attorney's fees.

## III. CONCLUSION

For the foregoing reasons, we vacate the award of attorney's fees to R.R. We affirm the dismissal of EPISD's claim for attorney's fees.

AFFIRMED in part; VACATED in part. Costs shall be borne by Mark Berry.

---

[16] See, e.g., District of Columbia v. Ijeabuonwu, 631 F. Supp. 2d 101, 104 (D.D.C. 2009) (recognizing that a school district must be a prevailing party in order to be entitled to attorney's fees under the IDEA); Parenteau v. Prescott Unified Sch. Dist., No. CV-07-8072, 2009 WL 2169154, at *7 (D. Ariz. July 17, 2009) (same).