# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

_____

No. 24-10860

_____

Jessica Clouse; Lindsay Heyman; Meghan Klein; Sydney Severson; Rebekah Tate; Marissa Jennings; Lauren Moore; Laura Kade,

*Plaintiffs—Appellants*,

*versus*

Southern Methodist University,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-141

_____

Before King, Higginson, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Plaintiffs-Appellants are former student-athletes who sustained serious hip injuries between 2012 and 2015 while competing as members of the women's rowing team at Southern Methodist University ("SMU"). On January 19, 2018, three years after the last of the relevant diagnoses, Plaintiffs filed suit against SMU, asserting two claims: (1) gender-based discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and (2) negligence under Texas law. They alleged SMU's substandard coaching,

athletic training, and medical treatment—which were driven in part by systemic gender-based disparities—caused their hip injuries. SMU moved for summary judgment, arguing that Plaintiffs' claims were barred by the applicable two-year statute of limitations. The district court agreed and entered judgment in favor of SMU as to eight Plaintiffs. As for the ninth Plaintiff, Kelly McGowan ("McGowan"), the district court granted SMU's summary judgment motion as to her Title IX claims for certain damages but denied the motion as to her Title IX and negligence claims for compensatory damages for medical expenses and loss of educational opportunities. Plaintiffs timely appealed the summary judgment decision as to the eight time-barred Plaintiffs, and this court affirmed, holding that Plaintiffs' Title IX and negligence claims were time-barred because they accrued prior to January 19, 2016, with no applicable tolling doctrine. *Clouse v. S. Methodist Univ.*, No. 24-10461, 2025 WL 2427755, at *5 (5th Cir. Aug. 22, 2025) (per curiam).

Before us is a related appeal challenging the district court's award of costs to SMU as the prevailing party pursuant to Rule 54(d)(1), as authorized by 28 U.S.C. § 1920. For the reasons that follow, we AFFIRM.

I.

Before this court affirmed the summary judgment ruling, SMU moved for costs in the district court. SMU sought $221,383.53 total, covering costs for deposition and video recordings and fees for exemplification and copies. SMU argued that it was entitled to these costs as the prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure. Plaintiffs opposed, arguing that: (1) SMU was not a prevailing party under Rule 54(d); (2) the factors articulated in *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006), weighed in favor of denying costs to SMU; and (3) SMU failed to meet its burden of demonstrating the amount and necessity of costs.

No. 24-10860

The district court partially granted and partially denied SMU's motion. The court found that SMU was a prevailing party under Rule 54(d)(1) and therefore entitled to costs under 28 U.S.C. § 1920 so long as it could establish the necessity of the litigation costs it was seeking to recover. The district court rejected Plaintiffs' argument that it should exercise its discretion not to award any costs under the *Pacheco* factors, finding that Plaintiffs had not demonstrated that any of the factors outweighed the strong presumption in favor of awarding a prevailing party its fees. Considering Plaintiffs' objections, however, the district court determined that SMU incurred $184,033.11 in necessary costs, reduced $37,350.42 from their initial request. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(a)(7).

## II.

We assess a "prevailing party" status determination *de novo. See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422–23 (5th Cir. 2009).

"We will reverse the district court's award of costs only on a clear showing of abuse of discretion." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Rule 54(d) creates "a strong presumption" in favor of awarding a prevailing party its costs, and "a district court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

## III.

We consider three issues on appeal: (1) whether SMU was the prevailing party; (2) if so, whether the *Pacheco* factors weigh in favor of denying SMU costs; and (3) whether SMU met its burden to prove the amount and necessity of the costs for which it moved.

3

No. 24-10860

## A.

The first issue concerns whether the district court properly held that SMU was entitled to prevailing party status. Rule 54(d) provides, "unless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). We clarified in *Fogleman v. ARAMCO*, that prevailing party status should be assessed considering the case "as a whole" and that "a party need not prevail on every issue in order to be entitled to costs." 920 F.2d at 285.

Plaintiffs argue that the district court erred in finding that SMU was a prevailing party after it partially granted summary judgment. According to Plaintiffs, because McGowan's claims are proceeding to trial, SMU would have incurred significant discovery costs regardless of whether there was one plaintiff or nine, given the factual and legal overlap between all Plaintiffs' claims. But Plaintiffs do not cite caselaw or other authority in support of this argument.

Under binding precedent, SMU is a prevailing party entitled to costs at this stage. To be a prevailing party, "a litigant must attain some judicial imprimatur on a material alteration of the legal relationship." *See El Paso Indep. Sch. Dist.*, 591 F.3d at 422. With prevailing party status, "there is a strong presumption that the prevailing party will be awarded costs." *Schwarz*, 767 F.2d at 131. The fact that SMU prevailed on summary judgment with prejudice as to eight of the nine Plaintiffs plainly carries "judicial imprimatur" and certainly altered the legal relationship between the parties. *See El Paso Indep. Sch. Dist.*, 591 F.3d at 422; *see also Pacheco*, 448 F.3d at 794 n.19. In spite of *Schwarz* and *Fogleman*, Plaintiffs assert that because one of the nine original Plaintiffs partially survived summary judgment and the possibility of overlapping discovery persists, SMU is not a prevailing party

4

No. 24-10860

entitled to costs. We are not persuaded by this reasoning and find it contrary to settled law. SMU, therefore, is a prevailing party in this case, as recognized by the district court below.

B.

Next, Plaintiffs argue that the *Pacheco* factors weigh in favor of denying costs.[1] In cases such as this one, where the losing party objects to the recovery of costs by the prevailing party, we have enumerated five nondispostive factors listed in *Pacheco v. Mineta*, 448 F.3d 783 for district courts to consider. These factors include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 794. Plaintiffs challenge all but the second factor, which they acknowledge does not apply here.

As to the first factor, SMU correctly points out that Plaintiffs mention that they are "young" and offer little else to support the contention that they have limited resources. Even if Plaintiffs had established that they lacked resources, this court has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *Long*, 807 F.3d at 129 (quoting *Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013)).

Regarding the third factor, Plaintiffs argue that Title IX is complex and evolving. That may well be the case, but the district court resolved the

---

[1] Plaintiffs also assert that both sides should bear their own costs—an outcome within the district court's discretion—because the case involves multiple parties and mixed results. Because we find that Plaintiffs have failed to overcome the presumption that SMU is a prevailing party entitled to its fees, and that the *Pacheco* factors weigh in favor of awarding SMU costs, we reject this argument.

underlying litigation here on a well-settled statute of limitations bar. Moreover, Plaintiffs bear the burden of rebutting the strong presumption that the prevailing party is entitled to costs and offer little more than a general statement about the difficulty of Title IX.

On the fourth factor, Plaintiffs assert that their case has created substantial public benefit because it garnered significant media attention and pushed SMU and other schools to reexamine their Title IX compliance. But Plaintiffs' citations to school newspapers and blogs do not by themselves show a *substantial* benefit conferred to the public. *See Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (finding that substantial public benefit was conferred where the litigation produced concrete, external benefits beyond the parties in "extraordinarily important" litigation); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730-31 (6th Cir. 1986) (listing lower healthcare costs for consumers as a substantial public benefit). In any event, Plaintiffs only reference one unpublished district court opinion in which the court denied prevailing party fees in a Title IX case. *See I.F. v. Lewisville Indep. Sch. Dist.*, No. 4:14-cv-259, 2017 WL 11630564 (E.D. Tex. May 4, 2017). There, the district court declined to award fees because it found that "unlike the previous cases in the Fifth Circuit which have declined to award costs to prevailing parties based on the presence of two or three factors, in this case, almost all of the *Pacheco* factors weigh in favor of denying costs to LISD." *Id.* at *3. By contrast, here, no factor weighs in Plaintiffs' favor.

Last, regarding the fifth factor, Plaintiffs state that SMU has enormous financial resources, as compared to Plaintiffs. SMU counters that it is a non-profit private educational institution. Our court has treated this factor narrowly, resisting comparisons to relative wealth as a standalone basis for denying costs. *See Moore*, 735 F.3d at 319–20; *see also Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018).

No. 24-10860

For these reasons, Plaintiffs have not met their burden to rebut SMU's strong prima facie entitlement to costs as the prevailing party.

C.

Third, Plaintiffs disagree with the district court's finding that SMU met its burden to prove the necessity and amount of the costs it prevailed on. SMU sought "incidental" costs, remote and video deposition costs, videographer fees, synchronization costs, electronic discovery costs, Litigation Support ("Lit Supp") costs, and copying costs. Plaintiffs objected to each of these costs on the grounds that they were incurred for convenience, rather than necessity, and additionally stressed that the e-discovery, Lit Supp, and copying costs exceeded the scope of 28 U.S.C. § 1920(4). The district court ultimately awarded $184,033.11 in costs for deposition video and transcript costs and for copying and exemplification costs. We consider these categories in turn.

The prevailing party bears the burden to demonstrate the necessity of costs and reasonableness of the amount it seeks to recover. *See, e.g.*, *Fogleman*, 920 F.2d at 286. When a prevailing party is entitled to costs, the scope of that award is controlled by 28 U.S.C. § 1920. The statute instructs in relevant part that: "A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. We have held that "federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)

(quoting *Cook Children's Med. Ctr. v. New Eng. PPO Plan of Gen. Consolidation Mgmt., Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)).

1.

We begin with the costs SMU incurred for both video recordings and written transcripts of depositions. No case in our court has squarely decided whether costs for both video and written deposition transcripts are recoverable under 28 U.S.C. § 1920 or other authority. The Federal Circuit, however, held in *In re Ricoh Co. Patent Litigation*, that a district court did not abuse its discretion when it allowed cost recovery for both a deposition transcript and the video recording because that was a plausible interpretation of § 1920, read together with Northern District of California Local Rule 54-3(c)(1). 661 F.3d 1361, 1370 (Fed. Cir. 2011). Its holding was consistent with approaches taken in both the Sixth and Tenth Circuits. *Id.* at 1365, 1370 (acknowledging consensus); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) (affirming the district court's award of costs for both videotaping and transcribing a deposition); *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997) (holding that it was proper under § 1920 to tax both the cost of videotaping a deposition and the deposition transcription).

District courts in this Circuit have diverged on the issue, but today we join our sister circuits that have considered it so far because we agree necessity, not convenience, is the lynchpin of the discretion § 1920(2) confers on district courts. *See, e.g.*, *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789-90 (N.D. Tex. 2014) (explaining that a prevailing party may recover costs for both a deposition video and transcript so long as at the time the transcript was obtained and a video recording was made, each could reasonably be expected to be used in trial or trial preparation, rather than merely convenience of counsel or discovery). *But see Two-Way Media, LLC*

*v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *3 (W.D. Tex. Nov. 22, 2013) (refusing to award costs for both videos and transcripts unless the videos were actually used at trial). Relevant here, in *Kozlowski v. Buck*, the Southern District of Texas held that video depositions there "were necessarily obtained for use in the case, as th[e] case turned on the credibility of witnesses, both fact and expert. To claim otherwise because the defendants prevailed at the summary-judgment stage instead of at trial would be an absurdity." No. 3:20-cv-365, 2022 WL 22608241, at *3 (S.D. Tex. Nov. 29, 2022). We agree. Accordingly, we hold that the district court did not abuse its discretion in awarding fees for both videos and transcripts of depositions, given its determination concerning the necessity of both.

Having determined that both types of fees were appropriate, the question remains whether SMU has established its entitlement to these fees. Plaintiffs view as an open question, "the precise level of proof required," when a district court is evaluating the amount and necessity of costs.

Plaintiffs contend that SMU failed to meet its burden of proof after Plaintiffs objected since, "SMU's only attempt to meet this burden came in the form of a declaration by its counsel submitted as a supplemental appendix with its reply" brief at the district court. This is inaccurate. SMU submitted itemized invoices with its bill of costs, including the transcripts and associated costs, which the district court considered. Even though SMU did not explain what certain line items referred to, the district court was satisfied that the depositions "could reasonably be expected to be used for trial preparation, rather than merely for discovery." *See Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th. Cir 2010) (per curiam) (quoting *Fogleman*, 920 F.2d at 285). On review for abuse of discretion, the district court properly considered the evidence before it in making this determination.

Separately, Plaintiffs maintain that no facts exist establishing that both written transcripts and video recordings were necessary. As to the necessity of both the written transcripts and video recordings, our analysis begins with the operative text in § 1920(2). We have said elsewhere that the phrase "electronically recorded transcripts" from the statute encompasses video transcripts of depositions and that "we accord the district court great latitude in this determination." *Long*, 807 F.3d at 130-31 (alteration adopted) (quoting *Fogleman*, 920 F.2d at 285-86). First, Plaintiffs acknowledge that "there is no prevailing consensus on how to demonstrate the requisite need for a video deposition and a paper transcript." They maintain, however, that the district court abused its discretion when it accepted SMU's argument that the deponents were outside the court's subpoena range, necessitating video depositions for credibility determinations, given that their presence at trial wasn't guaranteed. Second, Plaintiffs argue that SMU has failed to show any "complex contested factual issues" or to "identify any particular witnesses it intends or expects to impeach at trial."

Both of Plaintiffs' arguments as to the transcripts and video costs are unavailing when we evaluate the district court's ruling for an abuse of discretion. The district court acknowledged that district courts in this Circuit have splintered on whether both costs are recoverable under 28 U.S.C. § 1920(2). The district court here followed *Kozlowski*'s approach, which interprets § 1920(2) as permitting fees after an evaluation of the necessity of their use in preparation for trial. As to Plaintiffs' first argument, the district court evaluated SMU's arguments and evidence including: (1) the video recordings of 26 witnesses, all of whom were expected to be outside of subpoena range by trial; (2) SMU's utilization of the depositions of each Plaintiff and several other fact and expert witnesses in its motion for summary judgment; and (3) SMU's attorney's testimony that the reimbursement sought "was intended for use in motion practice and/or trial

in this case." Relying on the reasoning in *Kozlowski*, the district court found SMU met its burden to demonstrate that the video depositions were necessarily obtained for use in this case. As to the second argument, the parties took forty-nine depositions over a seven-year period, twenty-six of which were used in preparation for trial and in motions practice. SMU asked for costs consistent with the depositions that were necessary to defend its case. The district court properly exercised its broad discretion to make specific findings regarding SMU's recoverable costs under § 1920(2). It did not err in doing so.

2.

Next at issue is whether the district court erred when it awarded SMU $127,005.05 in copying and exemplification costs under 28 U.S.C. § 1920(4). Plaintiffs argue that the record does not support the district court's award because the district court held that SMU may not recover the costs of blurring photos or any data collection, extraction, or processing, but SMU now seeks to recover for certain data costs by listing them as "copying" costs. In this argument, Plaintiffs selectively highlight a portion of the district court's pronouncement that formed one portion of a much larger explanation of which costs were covered by § 1920(4). Plaintiffs' main argument on this topic can be summed up as an agreement with the district court's stated rule when it interpreted what can and cannot be taxed under § 1920(4) but disagreement with its discretion in application. Plaintiffs list out six categories of costs they contend are completely unrecoverable based on the assertion that those costs are excluded by the district court's own ruling. However, they simply state without further specificity, that "the district court's failure to deduct the costs reflected on the invoices" SMU submitted "simply cannot be explained." Moreover, as SMU rightly counters, Plaintiffs failed to make specific objections to specific invoices in front of the

district court and thus waived their ability to contest the "district court's math" on appeal.

Plaintiffs have not carried their burden to overcome the presumption in favor of awarding fees because they rely on legally conclusory statements that we evaluate under an abuse of discretion standard. *See Long*, 807 F.3d at 128. Of note, the district court took each of the objections raised by Plaintiffs pertaining to copies and exemplification fees and frontally addressed each of them. As further evidence that the district court did not abuse its discretion, it excluded those costs associated with extraction, collection, processing and storage of e-discovery as not taxable. As to the "Lit Supp" costs, the district court bifurcated the covered and uncovered costs between those necessary to comply with discovery requests or intended for motion's practice, and those associated with data extraction and storage. As to the cost of copies, the district court sustained Plaintiffs' objections to SMU's costs for Certified Copies, Copies of Color Prints, and Copy of DVD, reasoning that SMU failed to demonstrate that those copies were necessary and that "charges for multiple copies of documents" are not taxable as costs. *See Fogleman*, 920 F.2d at 286. As such, the district court properly reduced SMU's requested fees under section 1920(4) by $7,890.01.

Finally, Plaintiffs contend that certain scanning costs should not have been assessed.  As to 28 U.S.C. § 1920(4), district courts in this Circuit has repeatedly recognized that scanning documents is tantamount to copying paper documents, and therefore costs associated with scanning are recoverable under section 1920(4). *See Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519, at *3 (N.D. Tex. Nov. 2, 2009), *amended* 2009 WL 9047529 (N.D. Tex. Dec. 10, 2009), *aff'd*, 634 F.3d 309 (5th Cir. 2011); *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012). We agree with this approach and hold accordingly.

No. 24-10860

## IV.

The district court did not abuse its discretion by holding that SMU was a prevailing party for whom the *Pacheco* factors weighed in favor of awarding costs. Further, the district court did not err by finding that SMU provided adequate proof to meet its burden of demonstrating the necessity of the costs it was awarded. We find no reversible error in the district court's findings and accordingly AFFIRM the judgment below.