# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 3, 2010

No. 09-50332

Charles R. Fulbruge III
Clerk

A.O., as next friend M.W.,

Plaintiff - Appellee

v.

EL PASO INDEPENDENT SCHOOL DISTRICT

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CV-243

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

El Paso Independent School District appeals the district court's denial of its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and the entry of judgment in favor of A.O. as next friend of M.W. We affirm.

M.W. is a student with special educational needs in the El Paso Independent School District ("EPISD"). On behalf of M.W., A.O. filed a request for a special education due process hearing with the Texas Education Agency, alleging that the Individualized Education Plan ("IEP") created for M.W. was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50332

deficient and that, because of its deficiencies, M.W. had been denied her right to a Free and Appropriate Public Education under the Individuals with Disabilities Education Act ("IDEA"). As relief, A.O. sought an order directing EPISD to convene an Admission, Review, and Dismissal committee to develop a new IEP, and requested an award of reasonable attorney's fees.

Before the due process hearing took place, EPISD offered to settle the case. It promised to convene the ARD committee and develop a new IEP for M.W., and offered to compensate A.O. for $3,000 in attorney's fees.[1] At a pre-hearing conference, EPISD again offered this resolution, but A.O. did not accept. The hearing officer subsequently granted EPISD's motion to dismiss the case as moot because EPISD had offered in full the relief requested by A.O.

A.O. then filed a complaint in the Western District of Texas, alleging that the hearing officer improperly denied her a due process hearing under the IDEA. EPISD responded by, *inter alia*, filing a Rule 12(b)(1) motion arguing that the district court lacked subject matter jurisdiction. According to EPISD, its settlement offer rendered the case moot and deprived A.O. of standing. It further contended that the case was not ripe and that A.O. failed to exhaust administrative remedies. The district court found that it had subject matter jurisdiction and remanded the case for a due process hearing. EPISD timely filed the instant appeal of the denial of its 12(b)(1) motion.[2]

This appeal presents nearly identical justiciability issues as another case recently decided by this court. *See El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417 (5th Cir. 2009). In *Richard R.*, a child with special educational needs

---

[1] EPISD also stated that it would consider documentation in support of a larger attorney's fee award.

[2] We review the district court's denial of a Rule 12(b)(1) motion *de novo*, applying the same standard as the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

No. 09-50332

had obtained a favorable judgment in a state due process hearing and sued EPISD for attorney's fees under the IDEA. As here, EPISD had offered the requested relief in a settlement before the due process hearing but its offer was rejected. On appeal, EPISD argued that the plaintiff "did not present a justiciable case or controversy to either the state due process hearing officer or the district court" because it offered the plaintiff all requested relief before litigation. *Id.* at 423 n.5. The court summarily rejected EPISD's justiciability arguments in a footnote.[3]

Like EPISD's offer to A.O., the settlement in *Richard R.* offered the plaintiff "all requested educational relief and reasonable attorney's fees, leaving absolutely no need to continue litigating." *Id.* at 430 (emphasis omitted). The court nonetheless declined to dismiss the case on justiciability grounds. Instead, the court held that the plaintiff's decision to decline the school district's settlement offer of all requested relief precluded an award of attorney's fees under the IDEA because the plaintiff was not "substantially justified" in rejecting such an offer and because doing so unnecessarily protracted litigation. *Id.* at 425–430.[4] Considering A.O.'s rejection of EPISD's settlement offer, she

---

[3] In its two-sentence treatment of these arguments, the court relied on the fact that EPISD would not consent to an "agreed order" memorializing the terms of the settlement offer because EPISD considered there to be "genuine issues of fact and law in dispute" between the parties. *Richard R.,* 591 F.3d at 423 n.5. A.O.'s attorney proposed an "agreed order" here as well, and EPISD apparently never consented.

[4] That such a settlement offer does not end the underlying case or controversy is supported by the IDEA's text. Title 20, United States Code, section 1415(i)(3)(D)(i), governing awards of attorney's fees to prevailing parties in IDEA litigation, provides that "fees may not be awarded . . . in any action . . . for services performed subsequent to the time of a written offer of settlement . . . [if] the court . . . finds that the relief finally obtained . . . is not more favorable . . . than the offer of settlement." In interpreting this provision in *Richard R.*, the court stated that this "provision tacitly assumes that a party may reject such an offer and nevertheless attain prevailing party status." 591 F.3d at 424. The IDEA itself therefore presumes that a controversy will remain justiciable even though a school district offers full relief in a settlement offer.

No. 09-50332

would presumably face the same difficulties if she tries to recover her attorney's fees. EPISD has not cited any case, however, convincing the court that its offer deprived either the hearing officer or the district court of subject matter jurisdiction.

The judgment of the district court is AFFIRMED.