# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2011

No. 09-50965

Lyle W. Cayce
Clerk

GARY G., as next friend of G.G.,

Plaintiff - Appellee

v.

EL PASO INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before BARKSDALE, STEWART, and SOUTHWICK, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

El Paso Independent School District (EPISD) contests attorney's fees awarded Gary G., as next friend of G.G., under the Individuals with Disabilities Education Act (IDEA), Pub. L. No. 108-446, § 615, 118 Stat. 2647, 2715-31, as amended, 20 U.S.C. § 1415 (2004). In doing so, the district court ruled Gary G. was an IDEA prevailing party and entitled to $44,572 in fees because, before filing this action, he received a favorable special-education administrative order, following a due-process hearing. Prior to that hearing, however, he rejected EPISD's settlement offer (which did *not* include attorney's fees) and, through that hearing and this litigation, received less relief than provided by that offer.

Primarily at issue are: whether Gary G. is a prevailing party; and, even if so, whether he is entitled to a fees award. Fees awarded for work performed by Gary G.'s attorney through the date of that offer are AFFIRMED; for subsequent to that date, VACATED.

## I.

G.G. is an EPISD student with special-educational needs. In August 2003, EPISD's admission, review, and dismissal committee (ARDC) determined he was entitled to 60 minutes of speech therapy per week. He did not receive the full amount of that therapy, however, during, *inter alia*, the 2004-05 and 2005-06 school years (first and second-grade years). In that regard, he was deprived of 17.83 hours for the first year; 19.55, for the second.

Gary G. contacted EPISD by telephone on 6 September 2006 with concerns regarding G.G.'s individual educational program (IEP) and his not receiving the required therapy. Two days later, Gary G. attended an ARDC meeting to review G.G.'s IEP and expressed concerns that his IEPs from previous schools were improperly altered.

Regarding these concerns, Gary G. first conferred with his attorney that 29 August. Through 12 September, his attorney expended 13.8 hours reviewing EPISD documents, researching IDEA, and drafting an administrative due-process complaint.

By hand-delivered 12 September 2006 letter, EPISD admitted to Gary G. its failure to provide G.G. with the full amount of therapy required by his IEP for, *inter alia*, the 2004-05 and 2005-06 school years and offered, in settlement, 56.5 hours of compensatory therapy, with progressive verification logs. The offer did not include attorney's fees. Gary G. rejected it.

The day after it made the offer, EPISD reiterated it to Gary G. at a review-of-existing-evaluation-data meeting with the ARDC. It was again rejected.

Later that 13 September, Gary G. filed the above-described complaint with the Texas Education Agency, asserting EPISD had deprived G.G. of a free

appropriate public education (FAPE) and requesting a due-process hearing. On 18 September, Gary G.'s attorney informed EPISD that communications to Gary G. were to be made through that attorney.

A week later, in response to the due-process-hearing request, EPISD reaffirmed its 12 September settlement offer. This reaffirmation agreed to provide all requested relief.

On 26 September, the parties held a resolution meeting, at which, after EPISD reiterated the settlement offer, Gary G.'s attorney inquired about attorney's fees. He was informed they were not justified because the written offer had been made before both the due-process-hearing request and EPISD's being notified he was Gary G.'s attorney. That attorney did not: respond to the fee explanation; provide EPISD with a fee demand; inform EPISD his client had incurred attorney's fees prior to the 12 September offer; or assert he began representing Gary G. prior to then. The parties did not reach settlement at the resolution meeting.

The due-process hearing was held on 1-2 November before a special education hearing officer (SEHO), who, that 12 December, found EPISD had denied G.G. a FAPE. Among other things, the SEHO ruled: Texas' one-year statute of limitations for requesting special-education due-process hearings barred Gary G.'s claim for the 2004-05 school year, and no actions by EPISD warranted tolling that limitations period; and EPISD was to provide 19.55 hours of speech services to compensate for the 2005-06 school year, as well as provide written logs to Gary G. reflecting compliance.

On 9 March 2007, Gary G. filed this action on behalf of G.G., challenging the SEHO's limitations ruling and, pursuant to 20 U.S.C. § 1415, seeking attorney's fees as a prevailing party. In response, EPISD: challenged both the SEHO's jurisdiction and the finding that it had deprived G.G. a FAPE; denied Gary G.'s entitlement to attorney's fees; and requested them.

That December, the district court: dismissed, without prejudice, EPISD's fees claim; held Gary G.'s fees claim in abeyance; and referred the parties' challenges to the SEHO's decision to a magistrate judge for a report and recommendation. In September 2008, that report and recommendation provided: EPISD's jurisdictional challenge should be dismissed; the SEHO's limitations decision should be affirmed; and Gary G. should be an IDEA prevailing party because the SEHO ordered relief materially changing the legal relationship between Gary G. and EPISD.

Later that month, the district court adopted the report and recommendation. It referred Gary G.'s fees request to the magistrate judge for a report and recommendation.

In that regard, Gary G.'s attorney requested a fees award in accordance with the lodestar method, stating $235.00 and $260.00 were reasonable hourly rates, respectively, for the administrative proceeding and this action. Gary G.'s attorney claimed 86 hours' work for the former; 140.6, for the latter. Accordingly, Gary G. requested a total of $56,556.00. EPISD responded, *inter alia*, that Gary G. was not entitled to attorney's fees because: the relief received was less favorable than EPISD had offered; and he had protracted the litigation.

In September 2009, the magistrate judge recommended, *inter alia*: although EPISD had offered a settlement agreement prior to the administrative proceeding, it would have been unenforceable; Gary G. did not unreasonably protract litigation because EPISD's offer did not include attorney's fees and required him to dismiss all of his claims with prejudice; Gary G. obtained only limited success because he both lost his challenge to the 2004-05 school-year claim's being time-barred and was awarded a lesser amount of compensatory hours than had been offered by EPISD; and, therefore, Gary G. should receive only 50 percent of the requested fees: $28,278.00.

Later that month, the district court adopted those recommendations in part and ruled: Gary G. is a prevailing party because he secured a procedural

judgment and judicial imprimatur; he did not unreasonably protract the litigation because he was justified in rejecting EPISD's settlement offer lacking attorney's fees; but, an amount less than that requested was warranted because Gary G. was only partially successful, due to his failed challenge for the 2004-05 school year. As a result, the court awarded fees for the total hours expended for the administrative proceeding, but it reduced the hours expended for this action by one-third. Accordingly, Gary G. was awarded $44,572.00.

## II.

Gary G. has not cross-appealed. And, many of the issues at hand, including justiciability, were resolved approximately a year ago by *El Paso Independent School District v. Richard R.*, 591 F.3d 417 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3467 (2010). Also at issue are: whether a party who rejects a settlement offer and obtains from either an administrative hearing officer or the district court no more educational relief than that offered by the settlement is an IDEA "prevailing party" for attorney's fees purposes; and, even if so, whether that prevailing party, if offered all requested educational relief, but not attorney's fees, is not substantially justified in rejecting that offer or unreasonably protracts final resolution of the controversy, requiring part, or all, of the requested fees being denied.

Before turning to the issues, it bears noting that Gary G.'s attorney and EPISD have been at odds in several actions, including *Richard R.* This litigation, most especially this matter's not being resolved following *Richard R.*'s being rendered approximately a year ago and only a few months after the fees award at issue, is a classic example of wasted time, effort, and scarce financial and judicial resources. Perhaps most important, the manner in which this proceeding has been conducted, at different times by each party following the 12 September 2006 settlement offer, runs contrary to IDEA's purposes.

### A.

EPISD's justiciability claims are nearly identical to its claims rejected recently in both *Richard R.* and *A.O. v. El Paso Independent School District*, 368 F. App'x 539 (5th Cir. 2010). Matters of justiciability are, of course, reviewed *de novo*. *E.g.*, *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009); *Victor v. Grand Casino-Coushatta*, 359 F.3d 782, 783 n.3 (5th Cir. 2004).

In *Richard R.* and *A.O.*, as here, EPISD contended plaintiff did not present a justiciable case or controversy because it had offered plaintiff "all requested relief" before administrative proceedings or litigation ensued. *See A.O.*, 368 F. App'x at 540-41; *Richard R.*, 591 F.3d at 423 n.5. In *A.O.* our court held, albeit in an unpublished opinion, that EPISD's pre-hearing settlement offer did not deprive either the hearing officer or the district court of subject-matter jurisdiction. 368 F. App'x at 541. In *Richard R.*, our court ruled: because EPISD rejected plaintiff's offer for an agreed order, claiming disputed issues, there was a justiciable controversy. 591 F.3d at 423 n.5.

Our court held jurisdiction present in both *A.O.* and *Richard R.* where EPISD had offered "'all requested educational relief and reasonable attorney's fees, leaving absolutely no need to continue litigating'". 368 F. App'x at 540 (quoting 591 F.3d at 430). "The IDEA itself therefore presumes that a controversy will remain justiciable even though a school district offers full relief in a settlement offer." 368 F. App'x at 541 n.4.

Here, EPISD's offer did not include attorney's fees. Even if it was for "all requested relief", Gary G.'s rejecting it did not render this action non-justiciable.

### B.

To receive attorney's fees under IDEA, the requesting party must be a "prevailing party". *See* 20 U.S.C. § 1415(i)(3)(B)(i); *see also Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Pursuant to *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), "whether a party is a prevailing party

'is a legal question subject to *de novo* review'". *Richard R.*, 591 F.3d at 422-23 (quoting *Bailey v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005)).

Left unresolved by *Richard R.* is "whether a party who rejects a settlement offer and obtains from an administrative hearing officer or the district court no more educational benefit than the settlement offered is technically a 'prevailing party'". *Id.* at 425. For the following reasons, we join three of our sister circuits in holding such a party has that status.

As provided in *Richard R.*, to achieve prevailing-party status, a party must attain both: a remedy that alters the legal relationship between the parties and fosters IDEA's purposes; and "some judicial imprimatur on a material alteration of the legal relationship". *Id.* at 421-22. For the latter, *Richard R.* held: "An administrative hearing officer's order provides the requisite 'judicial imprimatur' for a party to be considered a 'prevailing party' for attorney's fee purposes, despite the fact that the administrative hearing officer does not have the authority to award attorney's fees". *Id.* at 422 n.4.

In contending Gary G. is not a prevailing party, EPISD maintains: the SEHO's order did not alter the legal relationship between it and Gary G.; and it did not promote IDEA's purposes because Gary G. obtained less relief from the order than he would have from EPISD's offer. Gary G. counters that order did alter that legal relationship because: it made the grant of compensatory speech services enforceable, and it fostered IDEA's purposes by enabling G.G. to receive the FAPE he had been otherwise denied.

IDEA provides that a party may not recover attorneys' fees for services performed subsequent to a written settlement offer being made, if the relief obtained is not more favorable than that offer. 20 U.S.C. § 1415(i)(3)(D)(i). In *Richard R.*, our court ruled that this provision "tacitly assumes that a party may reject such an offer and nevertheless attain prevailing party status: the statute permits an award of attorney's fees for work performed *prior* to the written offer of settlement, and prevailing party status is a predicate for any such award".

591 F.3d at 424 (emphasis in original); *see* 20 U.S.C. § 1415(i)(3)(B)(i).  The D.C., Third, and Seventh Circuits have held a party who rejects a settlement offer and later obtains no more than what was offered "still 'prevails' by obtaining judicially sanctioned relief".  *Richard R.*, 591 F.3d at 424; *see Alegria ex rel. Alegria v. District of Columbia*, 391 F.3d 262, 267 (D.C. Cir. 2004); *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 476 (7th Cir. 2003); *John T. ex rel Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 557 (3rd Cir. 2003).

In this regard, as recognized in *Richard R.*, our court has held previously that parties who extend litigation may be denied prevailing-party status.  591 F.3d at 425.  In *Michael T.*, an unpublished opinion, our court ruled: "we cannot say that the district court clearly erred in determining that the purposes of the IDEA are not fostered by encouraging parents of potentially disabled children to withhold consent to an initial assessment in order to obtain prevailing party status".  *Michael T. v. El Paso Indep. Sch. Dist.*, 37 F. App'x 714, 714 (5th Cir. 2002).

As noted in *Michael T.*, IDEA's purposes are not fostered by withholding consent to a reasonable settlement solely in order to obtain attorney's fees.  As discussed above, however, it is the remedy that must foster IDEA's purposes.  *See Richard R.*, 591 F.3d at 421-22 (noting the obtained *remedy* must foster IDEA's purposes).  Although *Michael T.* is persuasive, the primary reason our court there affirmed the denial of attorney's fees was because of the "clear error" standard of review, which no longer applies post-*Buckhannon*, and because our court used the term "prevailing party" as being synonymous with "attorney's fees", which is not always the case.  *See* 37 F. App'x at 714.

The SEHO's order, the requisite judicial imprimatur, both altered the legal relationship between the parties and fostered IDEA's purposes by ensuring G.G. will receive a FAPE.  Of course, had the settlement offer been accepted, it would have done the same, but that is *not* the issue.  In short, although EPISD is correct that Gary G. obtained less relief from the order than he would have from

8

the settlement offer, that does *not* prevent his being a "prevailing party" for IDEA purposes.  But, whether he, as a prevailing party, is entitled to attorney's fees is a separate question.

## C.

"A finding that a party is a prevailing party only makes him *eligible* to receive attorneys' fees under the IDEA; it does *not automatically entitle* him to recover the full amount that he spent on legal representation." *Jason D.W.*, 158 F.3d at 209 (emphasis added).  A fees award is reviewed for abuse of discretion, with the underlying factual findings being reviewed only for clear error.  *Id.* at 208.

At issue is whether a parent who rejects a settlement offer that includes all requested educational relief, but not attorney's fees, is *substantially justified* in, or *unreasonably protracts* the final resolution of the controversy by, rejecting it.    Along  that  line,  IDEA  provides  through  the  above-referenced § 1415(i)(3)(D)(i):

> Attorneys' fees may *not* be awarded . . . in any action or proceeding under this section for services performed *subsequent to the time of a written offer of settlement* to a parent if . . . the offer is made . . . in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; . . . the offer is *not* accepted within 10 days; and . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is *not* more favorable to the parents than the offer of settlement.

20 U.S.C. § 1415(i)(3)(D)(i) (emphasis added).

### 1.

Gary G. maintains the 12 September 2006 settlement offer was not valid because no IDEA proceeding was begun until his due-process complaint was filed the next day.  IDEA does *not*, however, require a proceeding to have begun before  a  settlement  offer  can  be  made.    Instead,  the  above-quoted §1415(i)(3)(D)(i) applies when "the offer is made . . . in the case of an

administrative proceeding, *at any time more than 10 days before the proceeding begins*". (Emphasis added.)  In *Richard R.*, our court held: "the district court abused its discretion in awarding attorney's fees to [Richard R.] for work performed after EPISD's written settlement offer—formalizing the offer made at the resolution meeting—which was made the day of the resolution meeting and more than ten days before the administrative proceeding". 591 F.3d at 425.

EPISD's written settlement offer, as found by the district court, was made on 12 September; the resolution meeting was held two weeks later; and the due-process hearing (administrative proceeding) began on 1 November.  Therefore, the offer was made more than 10 days before the administrative proceeding began.  Accordingly, § 1415(i)(3)(D)(i), with its possible fee-bar, is in play.  Next to be considered is IDEA's exception to that subsection.

## 2.

That exception provides: "Notwithstanding [§ 1415(i)(3)(D)(i)], an award of attorneys' fees . . . may be made to a parent who is the prevailing party and who was *substantially justified* in rejecting the settlement offer."  20 U.S.C. § 1415(i)(3)(E) (emphasis added).  Accordingly, because the district court found Gary G. received less educational relief (as a result of the court's upholding the time-bar for the 2004-05 school year) than had he accepted the offer, *see* the above-quoted § 1415(i)(3)(D)(i), next at issue is whether he was "substantially justified" in rejecting it.  Gary G. contends he was because:  the offer, according to him, was not enforceable in federal court due to Texas' sovereign immunity; and it did not include attorney's fees.

### a.

Regarding whether the offer was enforceable in federal court, IDEA's main goal is for school districts and parents to work together to achieve a level of meaningful education for students.  *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247-48 (5th Cir. 1997).  This goal is effectuated by IDEA's requirement that, "prior to the opportunity for an impartial due process

hearing[,] . . . the local education agency shall convene a meeting with the parents and the relevant . . . members of the . . . [educational program team] . . ." to resolve cooperatively their differences. 20 U.S.C. § 1415(f)(1)(B)(i). This meeting, referred to as the "resolution meeting", was held on 26 September 2006, as discussed *supra*.

For obvious reasons, IDEA ensures that settlement agreements reached at that meeting will be enforceable: "In the case that a resolution is reached to resolve the complaint at a . . . [resolution meeting,] . . . the parties shall execute a legally binding agreement that is . . . enforceable in any State court of competent jurisdiction or in a district court of the United States". 20 U.S.C. § 1415(f)(1)(B)(iii)(II). Regarding the latter, IDEA provides that "district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy". *Id*. § 1415(i)(3)(A) (referring to 20 U.S.C. § 1415 generally).

In *Richard R.*, our court disagreed with the district court in that action finding "EPISD's settlement offer would not have been enforceable if it had been reduced to an agreement". 591 F.3d at 426. There, the district court ruled that "Texas had not waived its immunity from suit in state court for the type of settlement offered by EPISD, and accordingly, EPISD's settlement offer would not have been enforceable in state court". *Id*. Our court held the district court erred when it concluded Richard R. would not have been able to enforce the settlement and, therefore, had an interest in continuing litigation in order to obtain an enforceable order. *Id*. It "determine[d] that a settlement agreement reached at the resolution meeting would have been enforceable in federal court". *Id*. The same situation is at hand.

The settlement offer was outstanding when Gary G. and his attorney attended the resolution meeting two weeks later. In addition, the offer had been reaffirmed to them in writing a day earlier and was reiterated at the meeting. Because federal courts can enforce IDEA settlement agreements reached at a

resolution meeting and Gary G. had the opportunity to accept the settlement agreement at that 26 September 2006 meeting, he was not "substantially justified" in rejecting EPISD's settlement offer based on claimed unenforceability. *See also H.C. ex rel. L.C. v. Colton-Pierrepont Cent. Sch. Dist.*, 341 F. App'x 687, 690 (2d Cir. 2009) ("Congress has expressly provided for enforcement of IDEA settlement agreements in federal district courts when the agreement at issue was entered into . . . at a 'resolution session' required by § 1415(f)(1)(B) . . . .").

In *Richard R.*, our court stated: "Here, EPISD offered [Richard R.] all of his requested educational relief at the resolution meeting. We conclude that if [Richard R.] had accepted EPISD's offer, he could have enforced the resulting settlement agreement in federal court". 591 F.3d at 428. Although no settlement agreement was reached at the resolution meeting in this action, it was again offered at that meeting, and, therefore, would have been enforceable had it been accepted.

**b.**

Regarding Gary G.'s contention that he was also "substantially justified" in rejecting the offer because it did not include attorney's fees, we do *not* hold that every plaintiff rejecting a settlement offer because it does not include such fees is, *per se*, not substantially justified in rejecting it. On this record, however, and for the following reasons, Gary G. was not "substantially justified" in rejecting the offer in order to obtain the fees.

As noted, the district court treated the 12 September offer, made more than ten days before the due-process hearing, as a valid "written offer of settlement". The affidavit by Gary G.'s attorney in this action in support of the fees request reflects that his work, prior to the resolution meeting, was limited, *inter alia*, to preparation and filing of the due-process complaint and preparation for the resolution meeting; the entries do not show the attorney and Gary G. discussed the settlement offer. (The identical entries that come closest to

reflecting the offer's possibly being discussed are for before the resolution meeting, for 21 and 26 September, for which 1.8 and 2.6 hours, respectively, were claimed: "Conference with [Gary G.] re resolution meeting and course of action".)

As also noted, Gary G.'s attorney had performed only 13.8 hours of work through the date of the settlement offer and, again, has no entry for the fee-request for time expended discussing that offer with Gary G.  It is unknown whether the 3.6 hours claimed for work on the day of the offer were expended before it was hand delivered to Gary G.  In any event, instead of accepting the offer, having that acceptance being made enforceable two weeks later at the resolution meeting, and paying a relatively small amount of attorney's fees, Gary G. caused this matter to continue for another three years (including this appeal by EPISD, it's now lasted over four).

Because Gary G. was *not* substantially justified in rejecting EPISD's 12 September 2006 offer, the district court abused its discretion for attorney's fees awarded for work performed subsequent to the date it was made, as further discussed *infra.*  Next at issue is whether the court abused its discretion for fees awarded for work through that offer-date.

**3.**

As discussed, Gary G.'s attorney expended 13.8 hours on this matter between 29 August and 12 September 2006.  Needless to say, almost all of his work was performed subsequent to that 12 September offer-date.  The district court agreed with that attorney's claim to a $235.00 hourly rate for the administrative portion of this matter.  One final IDEA qualification remains to be considered in deciding whether fees should be awarded for the attorney's work through the offer-date.

That IDEA provision states: "whenever the court finds . . . the parent, or the parent's attorney, during the course of the action or proceeding, *unreasonably protracted the final resolution of the controversy* . . . the court shall

reduce, accordingly, the amount of the attorneys' fee awarded . . . ." 20 U.S.C. § 1415(i)(3)(F)(i) (emphasis added). *Richard R.* held this provision permits reducing a fee award for work performed prior to a settlement offer: "when a party rejects an offer of settlement and later achieves at an administrative or judicial proceeding no more than what was previously offered, a court may, but is not required to, award reasonable attorney's fees for work performed *prior* to the written offer of settlement under § 1415(i)(3)(D)(i)". 591 F.3d at 429 (emphasis in original). There, our court found Richard R., represented by the same attorney who represents Gary G., unreasonably protracted the litigation because EPISD "wisely included the payment of reasonable attorney's fees to [Richard R.] as part of its settlement offer". *Id.* at 429-30. Consequently, there was "absolutely no need to continue litigating" after the settlement offer. *Id.* at 430. As a result, a fee-award was not allowed for work prior to the offer. *Id.*

We hold the district court did *not* abuse its discretion in awarding Gary G. fees incurred through the 12 September offer-date because Gary G. was not alone in protracting this matter. EPISD played a role in doing so. We need not discuss all the twists and turns, and resulting conduct in this proceeding, such as the time-bar imposed by the SEHO and upheld in district court or EPISD's unsuccessful jurisdictional claims.

For example, as discussed, Gary G. rejected the 56.5 hours in compensatory speech therapy offered by EPISD, and received only 19.55 hours from the SEHO; in short, he received far less relief from the SEHO than he would have from accepting EPISD's offer. And, as discussed *supra*, he was not "substantially justified" in rejecting that offer. On the other hand, and as another example, EPISD omitted reasonable attorney's fees from the settlement offer. And, after EPISD, at the latest, became aware at the resolution meeting, two weeks after that offer, that Gary G. had counsel, it chose not to offer fees clearly provided for by IDEA.

No. 09-50965

Accordingly, although it is a close question, we do *not* hold Gary G. unreasonably protracted the resolution of this controversy and, therefore, hold the district court did not abuse its discretion for fees awarded Gary G. for all of the claimed work through the 12 September offer-date. As noted, the record does not reflect whether the work performed by Gary G.'s attorney on the offer-date (3.6 hours preparing the administrative complaint) was after the offer was received. Work had been performed concerning that complaint prior to that date. The offer-date work will be included in that for which fees will be awarded. At $235.00 per hour, with 13.8 hours having been spent on this matter through the offer-date, Gary G. is awarded attorney's fees of $3,243.00.

### III.

For the foregoing reasons, that portion of the judgment awarding attorney's fees to Gary G. for work performed by his attorney through the date of the 12 September 2006 written settlement offer is AFFIRMED; that portion awarding fees subsequent to that date, VACATED.

AFFIRMED IN PART; VACATED IN PART