# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2011

No. 10-50709

Lyle W. Cayce
Clerk

ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT,

Plaintiff–Appellant

v.

VB, a Minor Child by Next Friend MB,

Defendant–Appellee

---

Appeal from the United States District Court for the
Western District of Texas, Midland–Odessa Division
(7:07-CV-92)

---

Before BARKSDALE, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ector County Independent School District ("ECISD") contests attorney's fees awarded to VB, a Minor Child by Next Friend MB ("VB"), under the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1400 *et seq.* In a September 8, 2009 order adopting the magistrate judge's report and recommendation, the district court found that VB was a prevailing party under 20 U.S.C. § 1415 because VB received a favorable decision at an administrative due process hearing. VB was thus eligible to receive attorney's fees under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50709

IDEA. In its July 6, 2010 order, the district court awarded $39,470 in attorney's fees and costs.

There are two issues on appeal: (1) whether VB is a prevailing party, and (2) whether VB's award should be reduced because VB unreasonably protracted litigation. We affirm the district court's determinations that VB is a prevailing party and that VB's attorney's fees award need not be reduced for unreasonable protraction of litigation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the hearing that is the subject of this appeal, VB was an ECISD student at Nimitz Junior High School. ECISD is a public school district subject to the IDEA. Under the IDEA, ECISD is required to provide its special education students with a free, appropriate public education. VB has attention-deficit hyperactivity disorder. VB had been receiving special education services from ECISD since 2003. Starting late in the 2005–2006 school year, VB's parent expressed concerns about VB's individual education plan ("IEP"). VB's parent met with the Admission, Review, and Dismissal Committee ("ARDC"), the committee that develops and administers a student's IEP, and ECISD administrative staff without satisfactory results.

On February 23, 2007, VB submitted a due process complaint to the Texas Education Agency pursuant to 20 U.S.C. § 1415(b)(6), requesting an impartial due process hearing. In the Due Process Complaint, VB requested (1) an independent educational evaluation; (2) appropriate support services, including a functional behavioral assessment, behavior intervention plan, and counseling; (3) appropriate support services in a least restrictive placement; (4) appropriate IEP goals and objectives; and (5) one year of compensatory educational services or an amount of compensatory educational services deemed appropriate by the Special Education Hearing Officer.

No. 10-50709

After a due process complaint is filed, but before a due process hearing can be held, the IDEA mandates a quiet period of thirty days, during which certain resolution activities must take place, including a resolution meeting. 20 U.S.C. § 1415(f)(1)(B). If the resolution meeting resolves the issues, the parties shall execute a legally binding agreement that is (1) "signed by both the parent and a representative of the agency who has authority to bind the agency"; and (2) "enforceable in any . . . court of competent jurisdiction . . . ." § 1415(f)(1)(B)(iii). ECISD and VB's parent attended a resolution meeting on March 10, 2007. At the resolution meeting, ECISD offered to schedule another ARDC meeting to request an independent education evaluation, prepare a functional behavior assessment, prepare a behavior intervention plan, discuss and create a plan for how VB will access counseling services, and discuss and review any needed modifications to VB's IEP. VB's parent requested time to consult her attorney before agreement. No settlement was reached at the meeting.

ECISD scheduled an ARDC meeting for March 22, 2007, to effectuate the offer made at the resolution meeting, but VB's parent refused to attend the meeting on the advice of VB's attorney. The thirty-day resolution period elapsed. A state administrative due process hearing was held on July 16, 2007. On September 19, 2007, the Special Education Hearing Officer ("SEHO") ordered ECISD to (1) reimburse VB for the cost of a private evaluation of VB by Dr. Sam Hill; (2) obtain a complete functional behavior assessment of VB by a qualified licensed specialist in school psychology and obtain from the specialist recommendations for appropriate eligibility and services, including a specific behavior intervention plan or counseling services; (3) convene an ARDC meeting within ten school days of completing the functional behavior assessment to consider and schedule appropriate services for VB; and (4) conduct an evaluation of VB's eligibility for services under the learning-disabled classification, including recommendations for appropriate individualized curriculum content

3

and modifications, and present the results and recommendations of the evaluation to the ARDC within thirty days of receipt of the results of the functional behavior assessment.

On September 28, 2007, ECISD filed a complaint in state court, which was removed to federal court, for review of the SEHO's order. It requested (1) a declaratory judgment that ECISD has provided VB a free, appropriate public education and that the complaints brought against ECISD are not well taken; and (2) an award of attorney's fees and costs. ECISD argued that VB should be denied prevailing party status because VB had never presented his complaints to ECISD before filing his state due process complaint, or in the alternative because VB unreasonably and needlessly protracted the litigation by refusing to attend the ARDC meeting that would have implemented an alleged agreement made at the meetings.

VB filed a responsive brief arguing that ECISD had only offered another ARDC meeting at the resolution meeting, and had not offered any sought-after services, and thus that no legally binding agreement resulted from the resolution meeting. VB additionally argued that the SEHO's order provided more relief than was offered at the resolution meeting. VB requested that ECISD's claims be denied and that VB be granted attorney's fees.

In a September 8, 2009 order, the district court, adopting the magistrate judge's recommendation, denied ECISD's request for attorney's fees and declaratory judgment. The district court also determined that VB was the prevailing party. In doing so, the district court noted that the parties did not reach a binding written settlement agreement at the resolution meeting, and that VB was under no duty to agree to ECISD's proposal when it did not tender specific terms but merely reflected ECISD's willingness to consider and recommend the requested actions to the ARDC. It also noted that VB's parent did not have to attend the ARDC meeting despite the stated goal of the Texas

No. 10-50709

Education Agency to have these disputes resolved at the lowest levels. Though an ARDC meeting is one of six options for possibly resolving disputes, another being a due process hearing, the district court refused to penalize VB for proceeding directly to a due process hearing instead of attend the ARDC meeting.

Thereafter, VB moved for attorney's fees. VB asserted that VB was a prevailing party who received a favorable decision by the SEHO, and that a reasonable award for attorney's fees would be $45,703.50. In its July 6 order, the district court granted in part and denied in part VB's application for attorney's fees, awarding $39,470 in total. It found that VB's parent was substantially justified in rejecting ECISD's offer from the resolution meeting because there was no evidence that a written offer was made or signed, only evidence of meeting minutes reflecting that ECISD would schedule an ARDC meeting to "consider implementation" of the requested relief. Additionally, the district court found that the relief obtained at the due process hearing was more favorable than the offer made at the resolution meeting. It found that ECISD had only offered to discuss recommendations for actions at an ARDC meeting, whereas the SEHO's orders required ECISD to take concrete actions by a certain date, "thus mandating relief to occur," including a functional behavioral assessment that ECISD determined was unnecessary subsequent to the resolution meeting. The district court found that VB did not unreasonably protract litigation because VB had no obligation to sign a proposal that was not a real agreement between the parties. Finding no other reason to reduce fees except that the hourly rate should be calculated using the hourly rate prevailing in the community, the district court awarded $39,470.

No. 10-50709

## II. STANDARD OF REVIEW

We review the district court's decision on the amount of attorney's fees for an abuse of discretion. *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 425 n.9 (5th Cir. 2009). We review the factual findings upon which the award is based for clear error. *Id.* We review the conclusions of law underlying the award de novo. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008); *Bailey v. Mississippi*, 407 F.3d 684, 686 (5th Cir. 2005).

## III. DISCUSSION

ECISD appeals the district court's decision to award attorney's fees to VB, arguing that VB is not a prevailing party or that in the alternative VB's award should be reduced because VB unreasonably protracted litigation. ECISD argues that though VB's parent attended one unsuccessful resolution meeting, VB's parent unreasonably refused to attend a second ARDC meeting, which would have provided all the relief requested by VB's parent and awarded by the SEHO, thereby protracting litigation. We disagree and therefore affirm the district court's orders and judgment.

A party must be a "prevailing party" to receive an award for attorney's fees under the IDEA. *Richard R.*, 591 F.3d at 421 (quoting 20 U.S.C. § 1415(i)(3)(B)(i) ("the court, in its discretion may award reasonable attorneys' fees . . . to a prevailing party")). Even if the court determines that a party is a prevailing party under the IDEA, this "does not automatically entitle him to recover the full amount that he spent on legal representation." *Jason D.W. ex rel. Douglas W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Prevailing party status only makes a party eligible to receive attorney's fees under the IDEA. *Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201, 208 (5th Cir. 2011).

6

## A.     Prevailing Party Status

A party achieves prevailing party status when it attains (1) "a remedy that alters the legal relationship between the parties and fosters IDEA's purposes"; and (2) "some judicial imprimatur on a material alteration of the legal relationship." *Id.* at 207. "An administrative hearing officer's order provides the requisite 'judicial imprimatur' for a party to be considered a 'prevailing party' for attorney's fee purposes, despite the fact that the administrative hearing officer does not have the authority to award attorney's fees." *Id.* (quoting *Richard R.*, 591 F.3d at 422 n.4) (internal quotation marks omitted).

VB is a prevailing party.  VB obtained a remedy from the SEHO that altered the legal relationship between the parties and fostered the IDEA's purposes.  ECISD was to reimburse the cost of a private evaluation of VB; obtain a complete functional behavior assessment of VB from a licensed specialist in school psychology, and from that specialist obtain recommendations for appropriate eligibilities and services; convene an ARDC meeting within ten days of the assessment to schedule appropriate services for VB; conduct an evaluation of VB's eligibility for services for the learning disabled and recommend curriculum content and modifications, and report back to the ARDC within thirty days of receiving the behavior assessment results.  With his decision, the SEHO obligated ECISD to take specific actions, including a functional behavior assessment that ECISD had previously determined was unnecessary, within certain deadlines.  This remedy furthered the IDEA's purposes because it required ECISD to take specific steps to ensure that VB would receive a free, appropriate public education that the SEHO found VB had been denied.  As we noted above, the SEHO's order provides the requisite "judicial imprimatur" for a party to be considered a prevailing party.

ECISD makes three arguments as to why we should not designate VB a prevailing party.  We disagree with all three.  First, ECISD argues that VB

never notified ECISD of VB's desired relief before filing the due process complaint. There is no statutory provision or regulation requiring VB to notify the school district of a request for relief before filing a request for a due process hearing. Section 89.1150 of the Texas Administrative Code states that it is the policy and intent of the Texas Education Agency "to encourage and support the resolution of any dispute" about a disabled child's free appropriate public education "at the lowest level possible." 19 TEX. ADMIN. CODE § 89.1150(b). Additionally, the provision lists meetings or conferences with the ARDC, teachers, and various school district officials as possible options for resolving disputes in addition to requesting a due process hearing. *Id.* at § 89.1150(c). As the district court noted, however, the section does not favor or prioritize the order in which these potential options should be used for resolving disputes. *See id.*

The Texas Education Agency previously proposed adding such a requirement in 2001; the language for the proposed rule § 89.1152(b) would have read:

> Pursuant to the policy to encourage and support the resolution of any dispute at the lowest level possible, and in a prompt, efficient, and effective manner, no issue may be raised at a due process hearing unless it was first raised at an admission, review, and dismissal (ARD) committee meeting. Hearing officers shall dismiss any hearing request upon satisfactory proof that the issues raised in the hearing were not first presented to the ARD committee.

The Texas Education Agency eventually withdrew the proposed rule on March 29, 2002, after receiving a letter from the U.S. Department of Education's Office of Special Education Programs ("OSEP") in response to the agency's request for an analysis of the proposed rule. Letter to Lenz, 37 IDELR 95 (OSEP March 6, 2002). In its letter to the state agency, the OSEP opined that the "Texas proposed rule impermissibly imposes additional prior notice requirements on

parties. Parents and school districts do not have the right under the IDEA to limit issues raised in a hearing to only the issues that were previously raised as part of an ARD committee meeting." *Id.* The OSEP letter further noted that the "IDEA identifies with great specificity the circumstances under which a parent or a school district is required to provide prior notice" and that Texas's proposed rule "would impose additional procedural hurdles on the right to a due process hearing that are not contemplated by the IDEA." *Id.* We find this letter and the fact that Texas has refused to impose such a requirement in its regulations persuasive. We find that there is no requirement that a parent notify ECISD before instituting a complaint for a due process hearing.

Second, ECISD argues that the SEHO's order did not change its behavior because ECISD was willing to provide all of the relief that the SEHO granted if VB's parent had attended the scheduled March 22 ARDC meeting. ECISD's second argument is without merit because there is no evidence that ECISD was willing to provide all of the relief that the SEHO granted if VB's parent attended the scheduled March 22 ARDC meeting. The meeting minutes from the resolution meeting document that ECISD proposed to schedule an ARDC meeting to consider various recommendations on how to implement VB's various requests. Assuming the accuracy of the meeting minutes, this vague offer without specific terms and reflecting mere recommendations for the ARDC to consider is far less than the concrete actions to be completed by certain deadlines that the SEHO ordered.

Finally, ECISD argues that designating VB a prevailing party would not promote the purposes of the IDEA because VB did not give ECISD the opportunity to resolve VB's parent's concerns before initiating the due process proceeding, and because VB's parent protracted litigation by refusing to attend the scheduled March 22 ARDC meeting. This argument is without merit. Even if we presumed that ECISD offered the same amount of relief that the SEHO

ordered or that VB protracted litigation, VB is still a prevailing party. ECISD is conflating the inquiry required to determine whether a party is a prevailing party with the inquiry required to determine the appropriate amount for attorney's fees. It is true that in an unpublished case we have previously stated that parties that have extended litigation may be denied prevailing party status. *Michael T. v. El Paso Indep. Sch. Dist.*, 37 F. App'x 714, 714 (5th Cir. 2002). But as we noted in *Gary G.*, *Michael T.* was decided during the pre-*Buckhannon* era, when attorney's fee decisions were decided under a "clear error" standard of review, and our Court reached its decision in *Michael T.* primarily because of the standard of review and because we used "'prevailing party' as being synonymous with 'attorney's fees.'" *Gary G.*, 632 F.3d at 207*; see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). But as our Court noted in *Gary G.*, "prevailing party" is not always synonymous with "attorney's fees." *Gary G.*, 632 F.3d at 207.

Whether a party is a prevailing party is a separate question from what amount of attorney's fees the party is entitled to receive. *Id.* The provisions of 20 U.S.C. §§ 1415(i)(3)(D) through (G) present situations in which courts may not award attorney's fees or must reduce attorney's fees, such as when a plaintiff rejects a settlement offer that would have provided more relief than that awarded by the SEHO, or where the party unreasonably protracts the resolution of the case. But as the First, Third, Seventh, and D.C. Circuits have held, these provisions "do not inform anything about the meaning of the term 'prevailing party' in the IDEA because *they are relevant only after a plaintiff has been deemed a 'prevailing party'.*" *Alegria v. Dist. of Columbia*, 391 F.3d 262, 266 (D.C. Cir. 2004) (emphasis added) (citing *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 476 (7th Cir. 2003)); *see also Doe v. Boston Pub. Sch.*, 358 F.3d 20, 26–27 (1st Cir. 2004); *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 557 (3d Cir. 2003).

No. 10-50709

Undoubtedly the purposes of the IDEA are not fostered by awarding attorney's fees to a party who unreasonably delayed resolution of the dispute. But in determining whether a party is a "prevailing party" and thereby eligible to receive attorney's fees at all, we examine whether the *remedy* the party obtained fosters the IDEA's purposes. *Gary G.*, 632 F.3d at 207 (citing *Richard R.*, 591 F.3d at 421–22). Here, the remedy is the SEHO's decision. As we stated above, this decision fostered the IDEA's purposes by ordering concrete actions to be completed by set deadlines, thereby ensuring VB would receive the free appropriate public education that the SEHO found VB had been denied. Accordingly, we agree with the district court that VB is a prevailing party.

## B.   Amount of Attorney's Fees

In the alternative, ECISD argues that the award for attorney's fees and costs should be reduced to the amount incurred before the resolution meeting because VB unreasonably protracted the final resolution of the controversy by not informing the school district of the subject of the due process complaint before filing the complaint and by refusing to attend the March 22 ARDC meeting.[1]

"A finding that a party is a prevailing party only makes him *eligible* to receive attorneys' fees under the IDEA; it does *not automatically entitle* him to recover the full amount that he spent on legal representation." *Gary G.*, 632 F.3d at 208 (quoting *Jason D.W.,* 158 F.3d at 209) (first emphasis added). As we mentioned above, the IDEA features several provisions that prohibit an attorney's fees award to a prevailing party or require the judge to reduce the

---

[1] ECISD does not contest the district court's finding that ECISD had not made any written offer of settlement at the March 6 resolution meeting, but merely faxed over the meeting minutes and agenda. Thus, we do not consider whether fees should have been reduced under § 1415(i)(3)(D)(i), which prohibits the district court from awarding attorney's fees under the IDEA to a student's parent for legal services performed subsequent to the time of a written offer of settlement to a parent if the district court finds certain facts.

award. *Richard R.*, 591 F.3d at 423. Section 1415(i)(3)(F)(i) states that "the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section" whenever the court finds that "the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F)(i).[2]

As we stated above, we find ECISD's contention that § 89.1150 of the Texas Administrative Code establishes a framework for determining if a party has unduly protracted litigation unavailing. The language of § 89.1150 (1) merely lists *potential* options for resolving disputes—such as a request for due process hearing or meetings with the ARDC, teachers, and school district officials; and (2) does not favor any particular option or require that the solutions be attempted in a certain order. Consequently, we reject ECISD's argument that VB's parent had to notify the school district of the subject of VB's due process complaint before filing it. Thus, the only question that remains is whether the refusal of VB's parent to attend the March 22 ARDC meeting on the advice of VB's attorney unreasonably protracted the final resolution of the controversy.

ECISD argues that it "had a right to schedule an ARD Committee meeting and had a right to expect VB would participate in good faith." In support of such a finding, ECISD points to the current language of § 89.1185(m)(1) of the administrative rules of the Texas Education Agency, and the language of subsection (n) of the same section, which had been in place during the resolution period and due process hearing:

> (m) At the request of either party, the hearing officer shall include, in the final decision, specific findings of fact regarding the following issues:

---

[2] A court may not apply § 1415(i)(3)(F) and reduce an attorney's fees award "if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of [§ 1415]." Here, there is no allegation that ECISD unreasonably protracted the final resolution of this dispute.

(1) whether the parent or the school district unreasonably protracted the final resolution of the issues in controversy in the hearing . . .

. . . .

(n) In making a finding regarding the issue described in subsection (m)(1) of this section, the hearing officer shall consider the extent to which each party had notice of, or the opportunity to resolve, the issues presented at the due process hearing prior to the date on which the due process hearing was requested. If, after the date on which a request for a due process hearing is filed, either the parent or the school district requests that a meeting of the admission, review, and dismissal (ARD) committee of the student who is the subject of the due process hearing be convened to discuss the issues raised in the request for a due process hearing, the hearing officer shall also consider the extent to which each party participated in the ARD committee hearing in a good faith attempt to resolve the issue(s) in dispute prior to proceeding to a due process meeting.

19 TEX. ADMIN. CODE § 89.1185 (amended to be effective November 16, 2003, 28 TEX. REG. 9830).

Contrary to ECISD's assertions, the language of § 89.1185(m)(1) and (n) does not create such a right. The subsections only speak to the SEHO's procedural duty to consider whether an ARDC meeting had been requested by one of the parties or attended by the parties in good faith when either party requests the SEHO to do so. ECISD has not indicated or produced any evidence that either party requested a finding under (n) from the SEHO. We cannot find any error with the district court's conclusion in its September 8 order that "the Texas Administrative Code does not require the SEHO to make findings on this matter."

ECISD further argues that VB's parent's attendance at an ARDC meeting was essential because the ARDC is the only committee that may adjust an IEP. Though it may be true that the ARDC is the only committee that may adjust an IEP, this is not helpful in our reasonableness determination if there is no expectation or requirement that a parent attend further meetings after a

resolution meeting.  The district court did not err in finding that VB's parent's refusal to attend the ARDC meeting did not show bad faith or conflict with the purposes of the IDEA.  ECISD did not present—nor did our search of relevant statutes, state and federal regulations, and case law find—any requirement that a student's parent attend any meetings after the resolution meeting.  This is in contrast to the explicit statutory requirement that the parties attend a resolution meeting.  20 U.S.C. § 1415(f)(1)(B).  VB fulfilled this requirement when his parent attended the March 10 meeting.

ECISD also argues we should find VB's parent's actions unreasonable because they do not promote the purposes of the IDEA.  It is true that the legislative history indicates that the goal of the provisions requiring a quiet period is one of fairness; Congress wanted "to be sure that a district is aware of a problem and has a chance to resolve it in a less formal manner before having to spend the time and resources for a due process hearing."  S. REP. No. 108-185, at 39 (2003).  But the same Senate Report states that "[t]he purpose is not to make parents go to another IEP meeting to explain an issue that has already reached an impasse with the district."  *Id.*  VB's parent had met with the ARDC and ECISD officials to discuss concerns with VB's IEP prior to the due process complaint.  VB had also met with ECISD officials at the resolution meeting.  Even if ECISD did not have notice of VB's specific issues at the time the complaint was filed, ECISD did have notice by the time of the resolution meeting from the due process complaint.  ECISD had the opportunity to come to the resolution meeting with a settlement offer that covered all requested relief, just as El Paso Independent School District did in *Richard R.  See* 591 F.3d at 428 ("[El Paso Independent School District] offered R.R. all of his requested educational relief at the resolution meeting.").  ECISD did not do so here; instead, ECISD offered yet another meeting to discuss vague recommendations concerning VB's educational relief.

No. 10-50709

This is not to say that a district court never has discretion to reduce an attorney's fees award under § 1415(i)(3)(F)(i) when a parent or a parent's attorney has refused to attend a meeting subsequent to the resolution meeting. For example, a district court would be within its discretion to reduce an attorney's fees award if the parent or the parent's attorney has refused to attend a second meeting, and (1) the meeting was scheduled at a mutually reasonable time; (2) the parent or the parent's attorney was given sufficient notice; and (3) there was a reasonable expectation of obtaining substantial relief for the child at the meeting. But, this was not the case here. VB's parent had no reasonable expectation that VB would receive the relief requested in the due process complaint if VB's parent attended the March 22 ARDC meeting. The minutes of the March 10 resolution meeting indicate that ECISD would make "recommendations" to the ARDC, that the ARDC would "discuss" access to counseling services, and that it would suggest that the ARDC "review modifications" to VB's IEP. The meeting minutes do not indicate that the ARDC was likely to implement the relief VB had requested. Additionally, it does not appear that the controversy would have been resolved at the March 22 ARDC meeting. As the district court noted and the SEHO's findings of fact reflect, ECISD later determined that a functional behavior assessment—one of the specific requests for relief that VB had made in the due process complaint—was unnecessary.

It is beyond dispute that VB's parent's failure to attend the ARDC meeting (at the advice of counsel) did nothing to advance IDEA's purpose, which is for school districts and parents to work together to resolve their differences and "achieve a level of meaningful education for students." *Gary G.*, 632 F.3d at 209 (citation omitted). By failing to attend the ARDC meeting, VB's parent hindered, rather than advanced, efforts to obtain a meaningful education for VB. "Parental participation in the development of an IEP is the cornerstone of the

15

IDEA." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 447 (9th Cir. 2010) (citation omitted); *see also White ex rel. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 378 (5th Cir. 2003). We also recognize this court's ability to adjust attorney's fees in an IDEA action, based upon a finding that the district court abused its discretion in awarding fees. *See Gary G.*, 632 F.3d at 210–11; *see also Holmes v. Millcreek Twp. Sch. Dist.*, 205 F.3d 583, 596 (3d Cir. 2000). But, given the delicate balance of state and federal regulation of this area of the law, we are wary of reading a new requirement into the statute; given the facts of the instant case, we decline to do so here. Consequently, we cannot find that the district court clearly erred in holding in its order that: (1) ECISD offered no "resolute actions" at the resolution meeting, but merely offered to refer all actions to the ARDC for discussion; (2) VB "had reason to believe that a 'discussion' of behavioral assessment might not ever lead to actuality"; and (3) VB did not lack "good faith in his dealings with [ECISD]." On these facts, the district court did not abuse its discretion in deciding that it need not reduce VB's attorney's fees award under 20 U.S.C. § 1415(i)(3)(F)(i) for unreasonable protraction of litigation.

AFFIRMED.